United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-30697
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT RANDALL REINHART,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1518
USDC No. 97-CR-60030-1

---

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Randall Reinhart, federal prisoner # 77187-079, appeals the district court's denial of his 28 U.S.C. § 2255 motion. This court granted a certificate of appealability (COA) solely on the issue whether Reinhart's attorney was ineffective on appeal for failing to argue that Reinhart should not have been held accountable for minor males #2 and #4, who were depicted in a

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

videotape having sex with Reinhart's co-conspirator, Matthew Carroll.

Reinhart argues that he did not participate in creating the videotape or in the sexual exploitation of males #2 and #4 depicted therein, that the tape was created before the dates of the conspiracy to which he pleaded guilty, and that Carroll's creation of the tape was not reasonably foreseeable to Reinhart and was thus not relevant conduct under U.S.S.G. § 1B1.3.

With respect to a claim that his attorney failed to brief an issue on direct appeal, Reinhart must show with reasonable probability that had his attorney briefed the issue the appeal would have had a different outcome. *See United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). The sentencing court's determination that Reinhart could be held accountable for males #2 and #4 as relevant conduct would have been reviewed for clear error. *See United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999).

Though Reinhart may not have participated in the creation of the tape and the tape may have been created before the time of the conspiracy, the record indicates that Reinhart assisted in the interstate transportation of the videotape during the pendency of a conspiracy to violate section 2251(a) involving minor males #2 and #4. He has therefore not shown clear error in the sentencing court's determination that he could be held accountable for males #2 and #4 as relevant conduct, *see* U.S.S.G. § 1B1.3(a)(1); *United*

*States v. Sirois*, 87 F.3d 34, 37-39 (2d Cir. 1996), nor has he shown that the failure to raise this issue on direct appeal constituted ineffective assistance of counsel.  The district court's denial of 28 U.S.C. § 2255 relief for this issue is, therefore,

AFFIRMED.