United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

04-60113
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CRAIG ALLEN PRUITT,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Northern District of Mississippi
(1:02-CR-136-ALL)**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Craig Allen Pruitt, a paid tax preparer, appeals his conviction and sentence. He was convicted for 17 counts of aiding or assisting in the filing of fraudulent federal tax returns in violation of 26 U.S.C. § 7206(2). A jury found Pruitt filed tax returns asserting false or fraudulent deductions for business and bad-debt losses, and the district court, employing the United States Sentencing Guidelines, imposed a 63-month sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pruitt contends: the district court abused its discretion by admitting evidence of a 1987 conviction for filing fraudulent federal tax returns; the evidence presented at trial was insufficient to support a conviction; and, his sentence was calculated incorrectly and based improperly on false returns for which he was not charged.

We review evidentiary rulings for abuse of discretion. *See* FED. R. EVID. 103; *e.g., **United States v. Peters***, 283 F.3d 300, 307 (5th Cir.), *cert. denied sub nom **Edmonson v. United States***, 535 U.S. 1071 (2002). The district court did not abuse its discretion by admitting evidence of Pruitt's 1987 conviction. This crime was essentially identical to the charged offense, and evidence of Pruitt's prior crime was relevant to, and probative of, his knowledge and intent to commit the present offense. FED. R. EVID. 404(b). The probative value of the 1987 conviction was not outweighed by the danger of undue prejudice. *See* FED. R. EVID. 403; ***United States v. Beechum***, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*), *cert. denied*, 440 U.S. 920 (1979).

When reviewing an insufficient evidence claim, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". ***United States v. Pena***, 949 F.2d 751, 755 (5th Cir. 1991). Based on the evidence before it, a rational jury could have found the essential

2

elements of the charged tax crimes beyond a reasonable doubt. Testimony by Internal Revenue Service (IRS) employees and taxpayers for whom Pruitt prepared the fraudulent returns provided the evidentiary basis for a rational jury to determine that Pruitt willfully aided in the preparation and presentation of documents that were materially fraudulent or false. *See* **United States v. Clark**, 139 F.3d 485, 489 (5th Cir.), *cert. denied*, 525 U.S. 899 (1998). Pruitt's claim that the Confrontation Clause requires the Government to call every signatory from every fraudulently filed tax return is misplaced, and the Government was not obligated to call additional witnesses to disprove every possible theory of defense. *E.g.,* **United States v. Williams**, 264 F.3d 561, 576 (5th Cir. 2001).

We review for clear error a district court's factual determinations and imposition of a sentence and *de novo* its legal conclusions for applying the Sentencing Guidelines. *E.g.,* **United States v. Hooten**, 942 F.2d 878, 880 (5th Cir. 1991). The district court properly based Pruitt's sentence on all relevant conduct pursuant to the Sentencing Guidelines § 1B1.3. An IRS agent's detailed testimony established Pruitt's preparation of many other false returns. Despite Pruitt's contention, the claimed tax loss did not need to be calculated at 28% of the disallowed deductions because it was based on the IRS' "more accurate determination" of actual loss as shown by disallowed refunds. *See* U.S.S.G.

3

§ 2T1.1(c)(1) (comment. n.(B)) (Nov. 1998). The loss amount was not clearly erroneous. *See* **Clark**, 139 F.3d at 490.

Pruitt also asserts the Sentencing Guidelines are unconstitutional under **Blakely v. Washington**, 124 S. Ct. 2531 (2004). As he concedes, however, this court has held otherwise. **United States v. Pineiro**, 377 F.3d 464, 473 (5th Cir. 2004), *petition for cert. filed*, (U.S. 14 July 2004) (No. 04-5263). Pruitt raises the issue only to preserve it for possible Supreme Court review.

**AFFIRMED**

4