United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-60113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG ALLEN PRUITT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:02-CR-136-ALL)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed Craig Allen Pruitt's conviction for aiding or assisting in the filing of fraudulent federal tax returns, in violation of 26 U.S.C. § 7206(2), and his 63-month sentence. *United States v. Pruitt*, 04-60113, 2004 WL 2988568 (5th Cir. 28 December 2004). The Supreme Court granted Pruitt's petition for writ of certiorari and for leave to proceed in *forma pauperis*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(IFP); vacated our previous judgment; and remanded the case for further consideration in the light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). *Pruitt v. United States*, 125 S. Ct. 1668 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction, but vacate the sentence and remand to the district court for re-sentencing in accordance with *Booker*.

Pruitt contends he preserved *Booker*-error in district court when he objected to the Presentence Investigation Report (PSR) used to calculate his sentence and contended his sentence was based improperly on false returns for which he was not charged and to which he did not plead guilty. Therefore, Pruitt asserts his sentence should be vacated and remanded to the district court for further consideration. *See United States v. Akpan*, 407 F.3d 360, 376-77 (5th Cir. 2005). The Government *concedes* Pruitt preserved *Booker*-error in district court, but urges our court to review for harmless error. Although Pruitt never explicitly mentioned the Sixth Amendment or *Blakely v. Washington*, 124 S. Ct. 2531 (2004), until his appellate brief (he was sentenced several months before *Blakely* was rendered), we are satisfied that his objections in district court adequately appraised the court that he was raising a Sixth Amendment objection to the basis for the sentence

2

calculation because the court considered fraudulent returns attributable to Pruitt but neither pleaded to nor proved to a jury beyond a reasonable doubt (he claimed such use was "fundamentally unfair"). *See **Akpan***, 407 F.3d at 376.

"[I]f either the Sixth Amendment issue presented in ***Booker*** or the issue presented in ***Fanfan*** is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." ***United States v. Mares***, 402 F.3d 511, 520 n. 9 (5th Cir. 2005); *see also **United States v. Olano***, 507 U.S. 725, 734 (1993) (noting that harmless error applies when a defendant makes a timely objection to an error). Rule 52(a) states: "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded". FED. R. CRIM. P. 52(a). "An error affects substantial rights (i.e., is prejudicial) if it affects the outcome of the district court proceedings. Consequently, an error is deemed harmless if it did not affect the outcome of the district court proceedings." ***United States v. Pineiro***, 410 F.3d 282, 285 (5th Cir. 2005) (internal citations omitted).

The Government bears the burden of showing that the error was harmless. ***Olano***, 507 U.S. at 734. To meet this burden, the Government must demonstrate, beyond a reasonable doubt, that the

error did not affect the defendant's sentence. *Akpan*, 407 F.3d at 377.

The district court committed *Booker* error by basing Pruitt's sentence, under a mandatory guidelines regime, on a greater number of fraudulent returns than the jury found him responsible. *See Booker*, 125 S. Ct. at 756. Accordingly, we must decide whether the Government has met its "arduous burden" of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. *Pineiro*, 410 F.3d at 287.

The Government contends the record establishes harmless error beyond a reasonable doubt. The Government maintains the district court found that the evidence, adduced at trial and submitted in the PSR, sustained the sentence imposed. The Government also asserts: the 63-month sentence imposed is less than the statutory maximum possible for two of the counts for which Pruitt was convicted; nothing in the sentencing transcript indicates the district court would have imposed a lesser sentence had the Guidelines not been mandatory; the district court found there was no reason to depart from the Guidelines; and the sentence is reasonable because it falls within the Guidelines range. (Pruitt does not address harmless error, instead contending, under *Akpan*, that his sentence should be vacated and remanded.)

The Government does not meet its "arduous burden". It points to no record evidence that proves, beyond a reasonable doubt, that

4

the district court would not have sentenced Pruitt differently under an advisory regime.

*CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED*