United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 05-30245

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT RANDALL REINHART,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, HIGGINBOTHAM, and SMITH,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Robert Reinhart challenges the length of his sentence. Finding no error, we affirm.

### I.

In July 1997 Reinhart pleaded guilty of conspiracy to commit sexual exploitation of children through the production of child pornography in violation of 18 U.S.C. § 2251. The district court held him accountable for four victims in making its sentencing guidelines calculation. The guidelines imprisonment range was 188 to 235 months, and in May 1998 Reinhart was sentenced to the 235-month maximum.

A successful appeal resulted in the elimination of one of the victims from Reinhart's

sentencing calculus.[1] On remand the district court calculated the guidelines range at 168 to 210 months and sentenced Reinhart to the maximum 210 months. Reinhart sought relief from his sentence under 28 U.S.C. § 2255, which the district court denied. Reinhart again successfully appealed, resulting in the elimination of two more victims from the sentencing calculus.[2]

After a second remand, but before Reinhart was re-sentenced, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), under which the guidelines are no longer mandatory. *Booker*, 543 U.S. at 263-64. The new guidelines range for Reinhart's offense, given the elimination of two more victims from the calculation, is 121 to 151 months. The district court sentenced him to 235 months, just five months short of the statutory maximum of 240 months. *See* § 2251(e). In justifying the sentence, the court stressed, among other factors, the "heinous" nature of the crime, Reinhart's repeated attempts to contact the victims while incarcerated, and the court's newfound sentencing freedom under *Booker*.

## II.

Reinhart argues on appeal that the sentence is presumptively vindictive because it is longer than his immediately preceding sentence.

---

[1] *United States v. Carroll*, 190 F.3d 290 (5th Cir. 1999), *vacated for reh'g en banc sub nom. United States v. Reinhart*, 204 F.3d 581 (5th Cir.) (per curiam), *returned to panel*, 226 F.3d 651 (5th Cir. 2000) (en banc) (per curiam), *judgment vacated and remanded*, 227 F.3d 486 (5th Cir. 2000) (per curiam), *denial of relief under 28 U.S.C. § 2255 affirmed*, 70 Fed. Appx. 757 (5th Cir. 2003) (per curiam).

[2] *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004).

When a judge imposes a more severe sentence on remand, "the reasons for him doing so must affirmatively appear. Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purposeSa presumption that must be rebutted by objective information justifying the increased sentence." *Alabama v. Smith*, 490 U.S. 794, 798 (1989) (citations omitted).

A district court can rebut a presumption of vindictiveness by providing reasons for the harsher sentence, which "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *United States v. Resendez-Mendez*, 251 F.3d 514, 517 n.10 (5th Cir. 2001) (citing *North Carolina v. Pearce*, 395 U.S. 711, 723 (1969)). If a presumption of vindictiveness arises in Reinhart's case, it cannot be rebutted, because the district court cited no evidence of newly discovered conduct by Reinhart in justifying the longer sentence.

Reinhart urges that there is a presumption of vindictiveness because the 235-month sentence he received on the second remand is greater than the 210-month sentence from which he appealed. The government responds that because the latest sentence does not exceed the original 235-month sentence, no such presumption arises.

On this specific point, the government advances the wrong comparison. The purpose of the presumption is to protect litigants from fear of judicial retaliation following a successful appeal. *United States v. Campbell*, 106 F.3d 64, 67 (5th Cir. 1997). Thus the proper comparison is between the sentence from which the defendant appealed and the sentence handed down on remand following *that* appeal. Reinhart successfully appealed a 210-month

sentence and received a 235-month sentence on remand. Because his sentence was increased, we must determine whether to invoke the presumption.

The "presumption of vindictiveness does not apply in every case where a convicted defendant receives a higher sentence on retrial." *Smith*, 490 U.S. at 794 (citing *Texas v. McCullough*, 475 U.S. 134, 138 (1986)). The *Smith* Court explained as follows:

> "The [presumption of vindictiveness] was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against vindictiveness in the resentencing process."

*Id.* (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973)). The presumption applies only where there exists a "reasonable likelihood that the increased sentence is the product of actual vindictiveness" and "where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.* (citations omitted).

The district court's justification for the longer sentence is its freedom post-*Booker* to step beyond the guidelines range and impose any reasonable sentence. That justification is plainly a "valid reason associated with the need for flexibility and discretion in the sentencing process." *Id.* Given such an "affirmatively appear[ing]" reason for the increased sentence, there is no reasonable likelihood that the sentence was based on actual vindictiveness. *Id.* Consequently, the presumption of vindictiveness does not apply in this case, and the burden is on Reinhart to prove actual vindictiveness.

Reinhart offers no reason why we should find vindictiveness in a longer sentence that results from the unique situation created by *Booker*. Following the persuasive guidance of the Seventh Circuit, we conclude that there is no vindictiveness in a post-*Booker* re-sentencing that exceeds the original pre-*Booker* sentence solely because *Booker* changed the law.

We find convincing the explanation in *United States v. Goldberg*, 406 F.3d 891, 894 (7th Cir. 2005).[3] There is no reason to find

---

[3] The Seventh Circuit explained:

> Goldberg's lawyer . . . believe[s] that a sentence meted out in the pre-*Booker* era of mandatory guidelines is the ceiling in the event of a re-sentencing unless there are changed factual circumstances, such as additional criminal conduct by the defendant. If there are no such changed circumstances, Goldberg's lawyer told us, the inference would arise that any heavier sentence imposed on remand was vindictively motivated and therefore improper. That is a misunderstanding . . . dangerous to criminal defendants. When there is no relevant legal or factual change between sentence and re-sentence, the motive for an increase in punishment is indeed suspect. But *Booker* brought about a fundamental change in the sentencing regime. The guidelines, mandatory when Goldberg was sentenced, are now advisory. Were he to be re-sentenced, it would be under a different standard, one that would entitle the judge to raise or lower the sentence, provided the new sentence was justifiable under the standard of reasonableness. No inference of vindictiveness would arise from the exercise of the judge's new authority.

> . . . [A] defendant who appeals a pre-*Booker* sentence on the basis that the guidelines were misapplied (as in Goldberg's challenge to the
> (continued...)

vindictiveness in a longer sentence that has its basis in the trial court's newly expanded sentencing authority. Moreover, in Reinhart's case the court believed the longer sentence to be the proper one from the start, but its hands were tied by the mandatory nature of the guidelines. To find vindictiveness in such a case would be an improper limitation on the sentencing discretion afforded under *Booker*.

### III.

Reinhart contends the sentence is unreasonable. The Court in *Booker* directed appellate courts to review all sentences for "unreasonableness." *Booker*, 543 U.S. at 261-62. The Court further advised that the statutory sentencing factors in 18 U.S.C. §3553(a) should guide the courts of appeals in deciding whether a sentence is reasonable. *Id.*

In *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005), we addressed the application of *Booker*'s unreasonableness standard to sentences that go beyond the guidelines maximum:

> When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required. However, when the judge elects to give a non-Guideline sentence, she should carefully articulate the reasons she concludes that the sentence she has selected is appropriate for that defendant. These reasons

should be fact specific and include, for example, aggravating or mitigating circumstances relating to personal characteristics of the defendant, his offense conduct, his criminal history, relevant conduct or other facts specific to the case at hand which led the court to conclude that the sentence imposed was fair and reasonable. Such reasons are essential to permit this court to review the sentence for reasonableness as directed by *Booker*.

(Footnotes omitted.) We further explained that "[w]e use the term 'non-Guideline' sentence to distinguish it from a Guidelines sentence which includes a sentence that has been adjusted by applying a 'departure' as allowed by the Guidelines." *Id.* at 519 n.7.

Therefore, under *Mares*, non-guideline sentences are those that fall outside a calculated guideline range. It will be rare for a guideline sentence to be found unreasonable, but a non-guideline sentence requires a more thorough review. *United States v. Smith*, 417 F.3d 483, 490 (5th Cir.) (citing *Mares*, 402 F.3d at 519), *cert. denied*, 126 S. Ct. 713 (2005). We have addressed the reasonableness of upwardly-departing guideline sentences under *Booker* and *Mares* and, as a court, have just begun examining the reasonableness of non-guideline sentences. *See United States v. Smith*, 2006 U.S. App. LEXIS 3994 (5th Cir. Feb. 17, 2006). Reinhart and the government agree that the district court handed down a non-guideline sentence.

We turn first to the standard of review to be applied in a reasonableness review of a non-guideline sentence. In *Booker*, 543 U.S. at 259, the Court indicated that review for reasonableness is itself a sufficiently plain standard of review. This court, in interpreting the *Booker* reasonableness standard, has applied

---

[3](...continued)
vulnerable-victim enhancement) is playing with fire, because if he wins and is resentenced the judge will have more sentencing latitude, up as well as down, than he did when the guidelines were deemed mandatory.

*Goldberg*, 406 F.3d at 894-95 (citations omitted).

an abuse of discretion standard to the reasonableness inquiry for upwardly departing guidelines sentences.[4]

There is no reason to depart from that standard here. In review of non-guideline sentences, an abuse of discretion standard is consistent with the instruction provided in *Booker*, which returned the standard of review for sentencing to its previous status by excising 18 U.S.C. § 3742(e), which had been amended in April 2003 to change the standard from abuse of discretion to *de novo*. *See Smith*, 417 F.3d at 490.

Because the standard of review for sentences in this circuit before the amendment was abuse of discretion, one consequence of *Booker* is that we use that standard once again. *Id*. Although our previous cases have dealt with upwardly departing guideline sentences, *Booker* does not distinguish between guideline and non-guideline sentences in requiring a reasonableness review.

Thus if reasonableness review requires an abuse of discretion standard for guideline sentences, the same should follow for non-guideline sentences. Although *Mares* demands a more thorough review of non-guideline sentences than of guideline sentences, our inquiry in conducting that more thorough review will be limited to determining whether the trial judge overreached the discretionary sentencing authority afforded under *Booker*. We therefore apply an abuse of discretion standard of review to the reasonableness inquiry in non-guideline cases such as Reinhart's.

Our reasonableness review in non-guideline cases begins with the requirement in *Mares*, 402 F.3d at 519, that the district court justify a non-guideline sentence with "fact specific reasons involving aggravating circumstances, personal characteristics of the defendant, his offense conduct, criminal history, or other conduct specific to the case at hand." Here, the district court justified its sentence, in part, as follows:

> Number one, the nature and circumstances of the offense and the history and characteristics of the defendant. That certainly goes against you, Mr. Reinhart, in that the nature and circumstances of the offense and the history you've exemplified to this point, including writing the victims even while you were incarcerated which you were not supposed to do and you knew you were not supposed to contact them. The nature and circumstances of your particular offense are of the nature that this Court would presume and believe to be the most heinous of all crimes in that you took advantage of children that were under your care as a Boy Scout leader.

The court further justified the sentence on a variety of other grounds. By providing these reasons, the district court satisfied the requirement in *Mares*, *id.*, that it enumerate the factors on which its sentence is based so the appellate court can conduct a reasonableness review.

Reinhart's sentence is not *per se* reasonable merely because the district court articulated its justification for the sentence as *Mares* requires. Our inquiry turns now to whether the court's proffered justification for the 235-month sentence is sufficient to withstand a reasonableness review under an abuse of discre-

---

[4] *See Smith*, 417 F.3d at 489-90; *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir.), *cert. denied*, 126 S. Ct. 810 (2005), *and cert. denied*, 126 S. Ct. 1097 (2006).

tion standard.  Under *Booker*, we evaluate the sentence for reasonableness by viewing the district court's stated justification  in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a).[5]  *Booker*, 543 U.S. at 261-62.

The court justified the sentence with specific reference to the language of § 3553(a)(1). The court considered the nature and circumstances of the offense to be particularly reprehensible in light of its exploitative character and Reinhart's relationship to the victim. Reinhart's history and characteristics, including his attempts to contact the victim, further exacerbated his culpability in the district court's evaluation.

The court's statements also reflect a concern for the seriousness of the offense and the need to provide just punishment pursuant to § 3553(a)(2)(A).  The court specifically addressed the need to protect the public from further crimes by Reinhart and the need for correctional treatment, as outlined in § 3553-(a)(2)(C) and (D).  Each of these factors tends to underscore the reasonableness of the sentence.

Other § 3553(a) factors operate in Reinhart's favor.  The court correctly calculated the guideline range to be 121 to 151 months, but it departed from that range dramatically despite the advice of § 3553(a)(4).  The court also apparently did not consider the need to

---

[5] The statute reads:

   (a) Factors to be considered in imposing a sentence.SSThe court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall considerSS

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposedSS

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

(continued...)

[5](...continued)
(5) any pertinent [sentencing guidelines] policy statement . . .

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

avoid unwarranted sentence disparities among similarly-situated defendants as advised by § 3553(a)(6). Reinhart's sentence is undoubtedly longer than that received by other similar defendants.

Reinhart's principal argument for the unreasonableness of his sentence is that it departs dramatically from the guideline range. Reinhart essentially asks us to hold that any 235-month non-guideline sentence is presumed unreasonable where the guidelines maximum is only 151 months.

Departure from the guidelines range, however, cannot alone support a finding of unreasonableness after *Booker*, in which the Court has indicated that the guidelines are merely one sentencing factor among many, and the calculated guideline range must be considered in conjunction with the other § 3553(a) factors. *See Booker*, 543 U.S. at 245-46. We therefore decline to give the guidelines the quasi-mandatory status urged by Reinhart.

Applying an abuse of discretion standard of review, we defer to the district court's reasonable assessment of the statutory factors, with particular emphasis on the nature and circumstances of the offense and Reinhart's history and characteristics. We will not require a district court to conform a sentence to the guideline range where that court has made a reasonable determination, based on a variety of other equally legitimate factors, that a non-guideline sentence is proper.

Viewing the district court's justification in light of all the § 3553(a) factors, we conclude that Reinhart's sentence is not unreasonable. The court did not take into account any inappropriate or unreasonable factors. It enumerated its reasons for a non-guideline sentence as required by *Mares*, and its reasons are largely consistent with the factors laid out in § 3553(a), as instructed by *Booker*. Accordingly, the court did not abuse its discretion.

IV.

Reinhart contends that because he committed his crime when the guidelines were mandatory, the district court's use of the guidelines as merely advisory violates his rights under the Ex Post Facto Clause of the Constitution. In *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001), however, the Court held that that clause, by its own terms, is a limitation on legislative powers and does not apply to the courts. Reinhart's argument on this point is meritless.

Reinhart also urges that the district court's use of a sentencing system that was not in effect when he committed his crime violates the *ex post facto* principles inherent in the Due Process Clause. This court, however, has recently foreclosed Reinhart's argument. In *United States v. Scroggins*, 411 F.3d 572, 576 (5th Cir. 2005), we rejected the defendant's contention that application of post-*Booker* sentencing principles to a pre-*Booker* offense violates the defendant's *ex post facto* rights. The use of an advisory sentencing scheme did not violate Reinhart's due process rights.

The judgment of sentence is AFFIRMED.

7