United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-30431
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL NEGRON CABRERA,
also known as Jose Negron Cabrera,

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Louisiana
(2:04-CR-20155-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Angel Negron Cabrera appeals the 114-month sentence, subsequent to his guilty-plea conviction of assault with dangerous weapons. Imposed subsequent to ***United States v. Booker***, 543 U.S. 220 (2005) (holding Sentencing Guidelines are not mandatory), the sentence is twice the high end of the advisory guideline range of imprisonment. He claims it is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In our review for unreasonableness *vel non*, **United States v. Reinhart**, ___ F.3d ___, No. 05-30245, 2006 WL 541037, at *3 (5th Cir. 7 Mar. 2006), we first consider whether the district court justified its decision to sentence outside the advisory Guidelines range "with fact specific reasons involving aggravating circumstances, personal characteristics of the defendant, his offense conduct, criminal history, or other conduct specific to the case at hand". *Id.* at *4 (internal quotation omitted). The district court thoroughly articulated its reasons for imposing a non-Guideline-range sentence. *See* **United States v. Smith**, ___ F.3d ___, No. 05-30313, 2006 WL 367011, at *2 (5th Cir. 17 Feb. 2006).

Next, we review the court's reasons for its departure in the light of the sentencing factors enumerated in 18 U.S.C. § 3553(a), "defer[ring] to the district court's reasonable assessment of th[ose] statutory factors". *Reinhart*, ___ F.3d at ___, 2006 WL 541037, at *5. In fashioning Cabrera's sentence, the district court properly considered the advisory guideline range and the § 3553(a) factors. *See* **Smith**, ___ F.3d at ___, 2006 WL 367011, at *2-*3. The sentence does not fail to account for any sentencing factor that should have received significant weight, and the court did not rely on any irrelevant or improper factors. *Id.* at *3. Furthermore, the district court's balancing of the § 3553(a) factors does not represent a clear error of judgment. *Id.* Accordingly, the sentence is reasonable.

*AFFIRMED*

3