United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30181
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER STERLING,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:04-CR-178-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Walter Sterling appeals the sentence imposed following his guilty-plea conviction of possession of a firearm by a convicted felon. He argues that his sentence, a non-guideline upward deviation to the statutory maximum of 120 months of imprisonment, was unreasonable because the district court made an upward deviation based on his criminal history without following the procedures for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

making an upward departure under the guidelines based on his criminal history.

The court calculated Sterling's guidelines sentence range, used that range as a frame of reference, and made a carefully explained upward deviation based primarily on Sterling's criminal history without making an upward departure under the guidelines. This is the proper procedure when imposing a non-guideline sentence. See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). Whether an upward departure would have been warranted is immaterial, because the court made an upward deviation outside the guidelines range, instead of an upward departure. See id. at 708 n.3. Sterling's assertion that the sentence imposed was unreasonable because the court imposed a non-guideline sentence instead of an upward departure is unavailing. See id. at 708 & n.3.

Sterling further argues that the sentence was unreasonable because the court did not adequately consider the mitigating factors that his offense conduct was of middling seriousness, that he had established family relationships and was affected by his brother's death, that the best way to prevent recidivism was to treat his drug addiction, and that the sentence would tend to lessen guilty pleas and make the criminal justice system function less smoothly. Because Sterling has not shown that the district court's greater consideration of other non-mitigating factors was unreasonable, he has not shown that the decision to make an upward deviation from the guidelines range was unreasonable. See United

States v. Reinhart, 442 F.3d 857, 863-64 (5th Cir. 2006) (holding upward deviation reasonable where supported by proper factors, even though some § 3553(a) factors operated in defendant's favor).

Given the seriousness of Sterling's criminal history and offense conduct as found by the district court, the extent of the deviation, while large, was not unreasonable. See United States v. Smith, 417 F.3d 483, 491-93 (5th Cir. 2005) (holding upward departure from 41 months of imprisonment to statutory maximum of 120 months for unrepentant con-artist with long criminal history reasonable).

AFFIRMED.