United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61074
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CRAIG ALLEN PRUITT,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CR-139-ALL
---------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

    Craig Allen Pruitt was sentenced to a 63-month term of imprisonment, a one-year term of supervised release, and a $6000 fine for seventeen counts of aiding or assisting in the filing of fraudulent federal tax returns in violation of 26 U.S.C. § 7206(2). After we affirmed his convictions and sentence in December 2004, United States v. Pruitt, 119 F. App'x 629 (5th Cir. 2004), the Supreme Court granted certiorari and remanded the case for reconsideration in light of United States v. Booker, 543 U.S. 220

_____
    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005). Pruitt v. United States, 544 U.S. 916 (2005). We subsequently vacated Pruitt's sentence and remanded the matter for resentencing. See United States v. Pruitt, 145 F. App'x 851 (5th Cir. 2005).

On remand for resentencing, the district court sentenced Pruitt to a 72-month term of imprisonment, a one-year term of supervised release, and a $6000 fine. Pruitt again appeals, arguing that the district court's factual findings at sentencing cause his sentence to violate principles of due process and his rights under the Sixth Amendment and that the sentence imposed by the district court is vindictive.

When a defendant is resentenced post-Booker under an advisory sentencing regime, the sentencing judge may continue to find by a preponderance of the evidence all facts relevant to sentencing, regardless whether the court imposes a sentence under the Guidelines or a non-guidelines sentence. United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). We review the district court's factual findings at sentencing for clear error and review the interpretation and application of the Sentencing Guidelines de novo. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). We find no error in the district court's sentencing determinations. United States v. Smith, 440 F.3d 704, 710 (5th Cir. 2006).

As Pruitt did not raise the issue of a vindictive sentence in the district court, we review his argument for plain error. United

States v. Vontsteen, 950 F.2d 1086, 1088-89 & n.2 (5th Cir. 1992) (en banc).  In this case, noting that the Sentencing Guidelines are now advisory rather than mandatory, the district court deviated from the properly calculated guidelines range and imposed a higher sentence because it determined that the Sentencing Guidelines did not properly reflect the seriousness of Pruitt's offenses, the need for deterrence, and the need to protect the public.  See United States v. Smith, 440 F.3d 704, 707-10 (5th Cir. 2006); 18 U.S.C. § 3553(a)(2).  No presumption of vindictiveness attaches when a district court exercises its post-Booker discretion to impose a sentence beyond the guideline range.  United States v. Reinhart, 442 F.3d 857, 860-61 (5th Cir. 2006).  Accordingly, we affirm Pruitt's sentence.  See Smith, 440 F.3d at 710.

AFFIRMED.