United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10116
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY ISAAC JIMENEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-86-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jeremy Isaac Jimenez appeals the 71-month sentence imposed following his guilty-plea conviction of possession of a firearm by a convicted felon.  Jimenez argues that the district court erred by failing to provide notice of its intent to upwardly depart from the Sentencing Guidelines as required by FED. R. CRIM. P. 32(h) and that the sentence is unreasonable.

Because Jimenez challenges the failure to comply with Rule 32(h) for the first time on appeal, we review this issue for plain error.  See United States v. Jones, 444 F.3d 430, 443 (5th

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.), cert. denied, 126 S. Ct. 2958 (2006). Even if we assume, arguendo, that the district court erred under Rule 32(h), Jimenez offers no argument or evidence suggesting that, with adequate notice, he could have persuaded the district court to impose a lower sentence. Accordingly, he has not shown that any error affected his substantial rights. See Jones, 444 F.3d at 443.

As to the sentence itself, we review the district court's findings of fact for clear error and its application of the Guidelines de novo. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). The sentence is reviewed for unreasonableness, taking into account the factors in 18 U.S.C. § 3553(a). Id. at 706. Jimenez contends that the extent of the upward variance from the advisory guidelines range of 37-46 months of imprisonment was unreasonable; that the district court based its decision on speculation, rather than the facts in the factual resume and PSR; and that the sentence is inconsistent with the district court's adoption of the PSR.

Given the calculation of the advisory guidelines range, which is uncontested, and the district court's specific articulation of the factual and legal basis for deviating from this range, the sentence imposed is entitled to "great deference." See id. at 710. The district court properly addressed the § 3553(a) factors, and the sentence is not unreasonable. See U.S. v. Reinhart, 442 F.3d 857, 864 (5th Cir.), petition for cert. filed (June 5, 2006) (No. 05-11431).

AFFIRMED.