United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-40140

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ISRAEL SAGREDO,**

**Defendant-Appellant.**

**Appeals from the United States District Court**
**for the Southern District of Texas**
**(7:04-CR-243-1)**

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court erred in denying Israel Sagredo's: motions for judgment of acquittal (JOA) on his extortion and bribery charges; constitutional challenge to the bribery statute as applied to his conduct; objections to sentence enhancements both for being a public official in a high-level decision-making position and for obstruction of justice; and challenge to the district court's promptly *sua sponte* resentencing him after the issuance of **United States v. Booker**, 543 U.S. 220

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005) (holding Sentencing Guidelines advisory rather than mandatory), including imposing an increased fine after claimed partial payment of the original fine. **AFFIRMED.**

I.

The City of Alton, Texas, participates in the Hidalgo County Urban County Program, established to receive funding from the Department of Housing and Urban Development (HUD). As part of this program, the City received financing through a HUD loan for the construction of a recreation center. Sagredo was the City's manager, and this project, along with oversight of the City's daily activities, fell under his authority.

While construction of the recreation center was underway, an undercover FBI Agent, presenting himself as a businessman seeking to supply furniture and equipment for local government projects, began investigating possible corruption in Hidalgo County's process for awarding government contracts. Through his investigation, the Agent learned that Sagredo, in exchange for a bribe, would ensure the Agent would be awarded the contract to supply furnishings for the recreation center. After several meetings with Sagredo, at which negotiations over the size of the bid to submit and the accompanying bribe were discussed, the Agent made two $5,000 payments to Sagredo ($10,000 payment), which were captured on video inside the Agent's vehicle.

At his trial for extortion, in violation of 18 U.S.C. §§ 1951 and 2, and bribery, in violation of 18 U.S.C. § 666(a)(1)(B) and 2, Sagredo moved for JOA on both counts at the close of the Government's case. The motion was denied and was *not* renewed at the close of all the evidence. The jury found Sagredo guilty on each charge.

Approximately four months post-verdict, Sagredo filed: motions to have the district court reconsider his JOA motions on the extortion and bribery counts; a motion challenging the bribery statute as unconstitutional as applied to his conduct; and, under ***Blakely v. Washington***, 542 U.S. 296 (2004) (holding, pre-***Booker***, any fact that increases penalty for a crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt), objections to the presentence investigation report (PSR). His objections to the PSR were to recommended enhancements for obstruction of justice and for his role as a public official.

Sagredo was sentenced on 11 January 2005, to, *inter alia*, 41 months imprisonment and a $75,000 fine. ***Booker*** was issued the following day. Therefore, acting under Federal Rule of Criminal Procedure 35(a), the district court promptly *sua sponte* vacated the sentence and resentenced Sagredo on 20 January 2005 to, *inter alia*, 72 months imprisonment and a $250,000 fine.

II.

A.

Because Sagredo failed to renew his JOA motion at the close of all the evidence, our standard of review is restricted to whether there has been a "manifest miscarriage of justice". *E.g.*, **United States v. Shannon**, 21 F.3d 77, 83 (5th Cir.) (quoting **United States v. Knezek**, 964 F.2d 394, 400 (5th Cir. 1992)), *cert. denied*, 513 U.S. 901 (1994). Under that standard, Sagredo's conviction may be reversed only if the record is "devoid of evidence of guilt or the evidence [is] so tenuous that a conviction is shocking". **United States v. Avants**, 367 F.3d 433, 449 (5th Cir. 2004). Sagredo fails to satisfy this strict standard. Moreover, the district court properly held it lacked jurisdiction to review Sagredo's belated post-verdict JOA motion. *See* FED. R. CRIM. P. 29(c)(1) (allowing defendant to move for JOA within seven days after guilty verdict).

B.

Sagredo's belated as-applied challenge to the bribery statute, based on a claimed insufficient showing of a nexus with federal funds, is reviewed *de novo*. *See* **United States v. Phillips**, 219 F.3d 404, 409 (5th Cir. 2000). Even assuming this challenge had been timely, a sufficient nexus exists because Sagredo accepted the $10,000 payment in exchange for his influence over the distribution of federal funds. *See* **United States v. Lipscomb**, 299 F.3d 303, 312 (5th Cir. 2002).

C.

1.

Concerning the public-official enhancement, whether a person is an official holding a high-level decision-making position is reviewed *de novo*; questions of how much discretion or supervisory authority was possessed, for clear error. **United States v. Snell**, 152 F.3d 345, 346 (5th Cir. 1998). Evidence was presented at trial that Sagredo was the City's highest ranking non-elected employee, orchestrated the pre-bidding process, and used his influence over the city council to ensure the undercover Agent's bid was accepted. The district court's finding that Sagredo possessed "substantial influence over the decision-making process" was *not* clearly erroneous. *See* U.S.S.G. § 2C1.1 cmt. n.4(A) (2005).

2.

Factual findings relating to the obstruction-of-justice enhancement are reviewed for clear error. *E.g.*, **United States v. Harms**, 442 F.3d 367, 378 (5th Cir. 2006). This enhancement applies where a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the ... prosecution" and the obstruction relates to the offense of conviction. U.S.S.G. § 3C1.1. The non-exhaustive list of examples in the application notes includes perjury. **Id.** cmt. n.4. The district court must make independent findings establishing a willful obstruction of justice in order to apply this enhancement.

5

*United States v. Creech*, 408 F.3d 264, 270-71 (5th Cir.), *cert. denied*, 126 S. Ct. 777 (2005).

At both the sentencing and resentencing, the district court found Sagredo had made a material misstatement under oath when he claimed the $10,000 payment was for a campaign contribution. At the initial sentencing, the court also noted the jury had likewise concluded the payment was a bribe, rather than a campaign contribution. The district court's findings were *not* clearly erroneous.

D.

1.

Whether the district court had jurisdiction to resentence Sagredo after the issuance of *Booker* is reviewed *de novo*. *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Under Federal Rule of Criminal Procedure 35(a), a court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after sentencing. Sagredo's initial sentence was erroneous because it was based on then-mandatory guidelines which were overturned by *Booker* the day after their application at Sagredo's 11 January 2005 sentencing. Post-*Booker*, Sagredo's sentence under the then-mandatory Guidelines was obviously subject to challenge.

Therefore, citing Rule 35(a), the district court vacated the sentence and resentenced Sagredo on 20 January 2006. The court's

6

correction of its erroneous sentence by resentencing Sagredo within seven days of the initial sentencing was permissible under Rule 35(a). *See* FED. R. CRIM. P. 45(a) (computing time).

## 2.

Sagredo claims the district court's resentencing him to a more severe sentence after he had partially paid the fine initially imposed constituted double jeopardy and violated the *Ex Post Facto* Clause. This claim is reviewed *de novo*. *See **United States v. Gonzales***, 40 F.3d 735, 737 (5th Cir. 1994), *cert. denied*, 514 U.S. 1074 (1995). The parties dispute whether Sagredo partially paid the fine. Even if he did, however, discretion under **Booker** justifies the imposition of a longer or more severe sentence upon resentencing due to pre-**Booker** error in applying the then-mandatory Guidelines. ***United States v. Reinhart***, 442 F.3d 857, 860-61 (5th Cir.), *cert. denied*, No. 05-11431, 2006 WL 1591904 (2 Oct. 2006); *see also **United States v. Charon***, 442 F.3d 881, 892 (5th Cir.) (application of **Booker** upon resentencing does not violate *Ex Post Facto* Clause), *cert. denied*, __ S. Ct. __, 2006 WL 2066690 (2 Oct. 2006).

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**