United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40985
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EZEQUIEL CRUZ-JAIMES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:06-CR-396
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ezequiel Cruz-Jaimes appeals his conviction of and sentence
for illegal reentry after having been deported following a convic-
tion for an aggravated felony, in violation of 8 U.S.C. § 1326(a)
and (b)(2). He does not challenge the calculation of his sentenc-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

ing guideline range but argues that the seventy-seven-month sentence should not be afforded a presumption of reasonableness merely because it is within the properly-calculated range. He raises the argument to preserve it for further review in light of the granting of writs of <u>certiorari</u> in <u>Rita v. United States</u>, 127 S. Ct. 551 (2006), and <u>Claiborne v. United States</u>, 127 S. Ct. 551 (U.S. 2006). Because an intervening Supreme Court case explicitly or implicitly overruling prior caselaw is required to alter this court's precedent, the grant of <u>certiorari</u> in <u>Rita</u> has no impact on this court's precedent. <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

Relying on <u>United States v. Cunningham</u>, 429 F.3d 673, 679 (7th Cir. 2005), Cruz-Jaimes contends that even if a presumption of reasonableness applies to his sentence, the presumption is overcome and the sentence is unreasonable where, as here, the district court "is presented with nonfrivolous grounds for a below-Guidelines sentence that the court simply passed over in silence." This argument is unpersuasive and unsupported by the record. Following <u>United States v. Booker</u>, 543 U.S. 200, 261 (2005), we review sentences for "unreasonableness." <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005). When the district court imposes a post-<u>Booker</u> sentence within a properly calculated guidelines range, we "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." <u>Id.</u> at 519-20 (internal quotation marks and citation omit-

ted). Accordingly, little explanation is needed when a court imposes a sentence within the advisory range. United States v. Reinhart, 442 F.3d 857, 861 (5th Cir.), cert. denied, 127 S. Ct. 131 (2006).

Our review of the record reveals that the district court considered Cruz-Jaimes's mitigation arguments, even though the sentencing guidelines discourage the consideration of family responsibilities in deciding whether a departure is warranted. See U.S.S.G. § 5H1.6 and the factors in 18 U.S.C. § 3553(a). Cruz-Jaimes has therefore failed to demonstrate that his sentence is unreasonable.

Cruz-Jaimes challenges the constitutionality of 8 U.S.C. § 1326 (b)(1) and (2). His argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), in which the Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) is constitutional. Although Cruz-Jaimes suggests that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), "[t]his court has repeatedly rejected arguments like the one made by [Vasquez] and has held that Almendarez-Torres remains binding despite Apprendi." United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). See Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006). Cruz-Jaimes acknowledges that his argument is foreclosed, but he raises it to preserve it for further review.

AFFIRMED.