# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 06-31176
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ANTONIO PONCE-CRUZ, also known as Juan Antonio Powce-Cruz, also known as Juan Antoino Ponce-Cruz, also known as Juan Cruz, also known as Juan Antonio Ponce, also known as Juan Antonio Cruz, also known as Juan Ponce, also known as Juan Ponce Cruz, also known as Juan A PonceCruz, also known as Juan Ponce-Cruz, also known as Juan A Ponce, also known as Juan Antonio Ponce Cruz

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-122-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Ponce-Cruz appeals his 50-month sentence for illegal reentry to the United States following deportation, a violation of 8 U.S.C. § 1326. He asserts that his sentence violates the Sixth Amendment because it was increased

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on facts not admitted or proven to a jury. Because Ponce-Cruz did not raise this objection before the district court, our review is for plain error only. See United States v. Peltier, ___ F.3d ___, 2007 WL 3076932, *2 (5th Cir. Oct. 23, 2007). We may correct the sentencing determination if there is an error that is plain, that affects substantial rights, and that affects the fairness, integrity, or public reputation of judicial proceedings. Id.

"The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." United States v. Mares 402 F.3d 511, 519 (5th Cir. 2005). The only increase applied to Ponce-Cruz's sentence was for his prior conviction for felony drug trafficking. He does not challenge the fact of his conviction, nor does he challenge its characterization as a felony drug trafficking offense. Moreover, the record demonstrates that Ponce-Cruz admitted all the facts necessary to enhance his sentence based on his prior conviction. The district court was free to adopt the recitation of facts found in the presentence report (PSR) because Ponce-Cruz did not produce rebuttal evidence. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005). Accordingly, the district court did not err, plain or otherwise, in enhancing Ponce-Cruz's sentence.

Ponce-Cruz asserts that his sentence was unreasonable because the district court did not adequately consider the factors set forth in 18 U.S.C. § 3553(a). Specifically, Ponce-Cruz asserts that the district court did not sufficiently consider that Ponce-Cruz was the sole support for his wife, two children, and uncle. Our review is for plain error because Ponce-Cruz did not raise this objection before the district court. See Peltier, 2007 WL 3076932 at *2.

The district court sentenced Ponce-Cruz within a properly calculated advisory guideline range. Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under § 3553(a). See Mares, 402 F.3d at 519-20. There is no indication in the

record that the district court failed to adequately consider the fact that Ponce-Cruz was the sole support for his family. Little explanation is needed when a court imposes a sentence within the advisory range. See United States v. Reinhart, 442 F.3d 857, 861 (5th Cir.), cert. denied, 127 S.Ct. 131 (2006). Indeed, Ponce-Cruz's sentence, which was within the advisory guideline range, is presumed reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S.Ct. 2456, 2462-63(2007). Ponce-Cruz has presented no argument to sufficiently rebut the presumption.

Ponce-Cruz also asserts that prior to Rita the presumption of reasonableness effectively reinstated the mandatory guidelines. This argument is foreclosed by circuit precedent. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Finally, Ponce-Cruz asserts for the first time in his reply brief that the United States Attorneys' Office is precluded from arguing that guidelines sentences are reasonable due to President Bush's commutation of I. Lewis "Scooter" Libby's guideline sentence. We will not consider this issue that is raised for the first time in a reply brief. See United States v. Aguirre-Villa, 460 F.3d 681, 683 n.2 (5th Cir. 2006), cert. denied, ___ S. Ct. ___ (U.S. June 29, 2007) (No. 06-7792).

AFFIRMED.