JENNIFER WALKER ELROD, Circuit Judge,
dissenting:
I respectfully dissent. As a threshold matter, I disagree with the majority’s characterization of Petersen’s sentence as an upward variance, rather than an upward departure. The district court and the parties repeatedly referred to Petersen’s sentence as a “departure” at the sentencing hearing. Indeed, during the sentencing hearing the district court orally denied Petersen’s motion for a downward variance and then immediately stated that an upward departure was warranted. The district court did so without prior notice and despite the fact that the government did not object to Petersen’s motion. Then, in the statement of reasons, the district court indicated that it “departed] from the advisory guideline range” (emphasis added) under § 5K2.0 of the Sentencing Guidelines due to aggravating circumstances. Section 5K2.0 outlines the “Grounds for Departure” authorized by the Guidelines. U.S.S.G. § 5K2.0 (emphasis added); see also Irizarry v. United States, 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008) (explaining that a departure refers to a sentence “imposed under the framework set out in the Guidelines”).
If Petersen’s sentence is analyzed as an upward departure due to aggravating circumstances, the district court’s explanation for its sentencing decision was inadequate. To explain its sentencing decision, the district court observed only that the theft of public funds harms those in need of public resources. This statement does not describe an aggravating circumstance, which is defined as a “fact or situation that increases the degree of liability or culpability for a criminal act.” Black’s Law Dictionary 277 (9th ed.2009). A generic observation about the effect of theft of public funds, which was the crime itself and not a separate aggravating factor, does not constitute a fact or situation that increased the culpability of Petersen’s specific offense vis-a-vis the run-of-the-mill case.
Even assuming arguendo that the district court intended to impose an upward variance, its explanation was likewise inadequate. Before imposing a variance, a district court must “carefully articulate” fact-specific reasons for the appropriateness of the variance “for that defendant.” United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005); see also United States v. Mondragon-Santiago, 564 F.3d 357, 362-64 (5th Cir.2009); United States v. Reinhart, 442 F.3d 857, 863 (5th Cir.2006) (explaining that a district court satisfies the standard in Mares by “enumerat[ing] the fac *394 tors on which its sentence is based”). The district court’s limited explanation here— that theft of public funds harms those in need of public resources — does not meet that standard.
For all of these reasons, I would remand for resentencing. See United States v. Bell, 371 F.3d 239, 246 (5th Cir.2004) (vacating a sentence and remanding to the district court because its explanation for its sentencing decision was unclear).