United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-50948
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NIGUEL DESHON HOLDER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-15-ALL
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:*

Niguel Deshon Holder appeals from his guilty-plea conviction
and sentence for being a felon in possession of a firearm. For
the first time in his reply brief, Holder has raised arguments
based upon Blakely v. Washington, 124 S. Ct. 2531 (2004), and
Crawford v. Washington, 124 S. Ct. 1354 (2004). The Government
has filed a motion to strike Holder's reply brief. Holder has
responded by filing a motion for this court to consider the new
arguments raised in his reply brief or, in the alternative, for

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave to file a supplemental brief raising these new arguments. We interpret Holder's motion as a request to construe his reply brief as a supplement brief, and that motion is GRANTED. All other outstanding motions, including the Government's motion to strike the reply brief, are DENIED.

In his initial appeal brief, Holder argues that the district court erred by applying a two-level adjustment to his sentence pursuant to U.S.S.G. § 2K2.1(b)(4) for possessing a firearm with an obliterated serial number because his possession of that firearm did not constitute relevant conduct. This court reviews a challenge to the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Carbajal, 290 F.3d 277, 282-83 (5th Cir. 2002). The district court's factual findings are reviewed for clear error. Id. Based upon the district court's factual findings regarding the incident in which Holder possessed the firearm with an obliterated serial number, application of U.S.S.G. § 2K2.1(b)(4) was proper because Holder's possession of that firearm was part of the same course of conduct as his offense of conviction.

Holder also contends that the district court erred by departing upwardly from the Sentencing Guidelines due to the fact that he discharged his firearm and that such discharge resulted in the death of another individual. Pursuant to the PROTECT Act, this court must conduct a de novo review of the district court's decision to depart. United States v. Bell II, 371 F.3d 239, 243

(5th Cir. 2004).  Examination of the district court's statement of reasons shows that the district court's decision to depart upwardly was proper under the relevant criteria.  As Holder has not challenged the extent of the upward departure, that issue has been waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(issues not raised in appellate brief are deemed abandoned).

Holder also argues that his sentence is invalid under Blakely.  In United States v. Pineiro, __ F.3d __ (5th Cir. July 12, 2004, No. 03-30437), 2004 WL 1543170 at *1, this court held that the Supreme Court's holding in Blakely was not applicable to the Sentencing Guidelines.  Accordingly, Holder's Blakely argument is foreclosed by Pineiro.

Holder further contends that, under Crawford, his Confrontation Clause right was violated during his sentencing proceeding.  Crawford involved a defendant's right under the Confrontation Clause during his criminal trial.  124 S. Ct. at 1356-58.  "[T]here is no Confrontation Clause right at sentencing."  United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999) (citation omitted).  Nothing in Crawford indicates that its holding is applicable to sentencing proceedings. Accordingly, Holder's Crawford-based argument lacks merit.

The district court's judgment of conviction is AFFIRMED.

MOTION TO CONSTRUE APPELLANT'S REPLY BRIEF AS A SUPPLEMENTAL BRIEF GRANTED; ALL OTHER OUTSTANDING MOTIONS DENIED; JUDGMENT AFFIRMED.