United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 04-10102
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAREN LEWIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

On a previous appeal, we affirmed Karen Lewis' conviction and sentence for money laundering. *United States v. Lewis*, No. 04-10102, 2004 WL 2107779 (5th Cir. Sept. 22, 2004). She sought ) ) and the Supreme Court granted ) ) a writ of certiorari. The Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Lewis did not raise an objection to the constitutionality of her sentence until the reply brief of her appeal. She again raised a *Booker* claim in her petition for certiorari. As noted in our original opinion, we generally do not address issues not raised in initial appellate briefs. *Lewis*, 2004 WL 2107779, at *1 (citing *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 n.22 (5th Cir. 2001)). Thus, this case is similar to *United States v. Taylor*, No. 03-10167, 2005 WL 1155245 (5th Cir. May 17, 2005) in which we held that "absent extraordinary circumstances, we will not consider *Booker* issues raised for the first time in a petition for rehearing." *Id.* at *1. In *Taylor*, this court denied the *Booker* appeal because the defendant was unable to show plain error, let alone extraordinary circumstances. *Id.* Here, we do not need to determine what constitutes "extraordinary circumstances" because Lewis is unable to even meet the plain error burden.

Under plain error, this court may only correct a defendant's sentence if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

To show reversible plain error under *Booker*, the petitioner must "demonstrate[] that the sentencing judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id.* At the sentencing hearing, the district court imposed a downward departure and said, "I think that's getting to the point where a sentence would be appropriate within the range . . . ." Thus, Lewis has failed to show that she would

have received a lower sentence had the Guidelines been advisory rather than mandatory.

Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.

DeMOSS, Circuit Judge, dissenting:

I would respectfully dissent. The government concedes that the district court committed a clear or obvious (Sixth Amendment *Booker*) error in sentencing based on facts not found by a jury or admitted by the defendant and did so under a mandatory guideline scheme (see page 2 of government's supplemental letter brief). The dialogue at the sentencing hearing clearly indicates that the district judge thought the sentencing range as proposed by the presentence report (PSR) was "too high" and "inappropriate." This sentencing judge did reduce the offense level at the government's suggestion based on the defendant's limited role in the offense, a factor not addressed in the PSR. But that reduction was unrelated to the "clear error" of relying on facts found only by the judge as to the quantity of money laundered. In my view, this is one of those cases where the only person who can correctly say what the sentencing judge would have done if he operated under an advisory guideline system is the sentencing judge himself; and justice would be better served by remanding this case to that judge to make that call.