United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-50948
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIGUEL DESHON HOLDER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-15-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and HIGGINBOTHAM, Circuit Judges.[*]

PER CURIAM:[**]

This court affirmed Niguel Deshon Holder's judgment of

conviction. United States v. Holder, 109 Fed. Appx. 673, 674

(5th Cir. 2004). The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125 S.

Ct. 738 (2005). Holder v. United States, 125 S. Ct. 1093 (2005).

———————————

[*] Judge Pickering was a member of this panel when the
opinion issued on September 20, 2004, but subsequently retired.
Accordingly, this matter is decided by a quorum. See 28 U.S.C.
§ 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holder argues that his <u>Booker</u> claim is not subject to plain-error review because his petition for certiorari was pending when <u>Booker</u> was issued. This court applies the plain-error standard of review to unpreserved <u>Booker</u> claims even in cases such as this one. <u>United States v. Cruz</u>, __ F.3d __, No. 03-40886, 2005 WL 1706518 at *1 (5th Cir. July 22, 2005); <u>United States v. Lewis</u>, 412 F.3d 614, 616 (5th Cir. 2005). Holder's challenge to his sentence fails to meet the plain-error standard because he has not shown that the error affected his substantial rights. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Accordingly, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.

AFFIRMED.