# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-10526
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FELIPE MORENO-CALZADA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-47-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Felipe Moreno-Calzada pleaded guilty to a one-count indictment charging him with illegal reentry. See 8 U.S.C. § 1326. The district court sentenced Moreno-Calzada to 71 months of imprisonment, to be served consecutively to any as-yet-undetermined state sentence that results from the revocation of state probation. Moreno-Calzada challenges the 16-level enhancement to his offense level and the consecutive nature of his sentence. However, he objected to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

neither, limiting our review to plain error. See United States v. Lewis, 412 F.3d 614, 615-16 (5th Cir.2005).

The Government concedes that in light of United States v. Ortega-Gonzaga, 490 F.3d 393 (5th Cir.), cert. denied, 128 S. Ct. 410 (2007), the district court plainly erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on Moreno-Calzada's California conviction for residential burglary. Accordingly, we vacate Moreno-Calzada's sentence and remand for resentencing.

Moreno-Calzada also argues that the district court lacked the authority to order that his sentence run consecutively to an as-yet-unimposed state sentence. This argument is foreclosed by United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir. 1991) (per curiam), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).

AFFIRMED IN PART; VACATED IN PART AND REMANDED.