IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-40368
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARMANDINA SALAZAR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-345-1

Before HIGGINBOTHAM, STEWART and ELROD, Circuit Judges.

PER CURIAM:[*]

Armandina Salazar pleaded guilty to a single-count indictment charging her with bank fraud.  She was sentenced  at the bottom of the Guideline imprisonment range to a 15-month term of imprisonment and to a five-year period of supervised release.  Salazar was ordered to pay restitution to Texas State Bank in the amount of $24,980.00, and to Perez Consulting Engineers, in the amount of $130,052.97.  For reasons discussed below, the judgment is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ordinarily, we review criminal sentences for reasonableness using an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). Because the issues Salazar wishes to raise on appeal were not presented to the district court, however, our review is for plain error. United States v. Lewis, 412 F.3d 614, 615–16 (5th Cir. 2005); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005).

Salazar contends that the district court erred in determining the amount of the loss and by considering relevant conduct in determining her sentence. Invoking Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), Salazar complains that the losses sustained by Perez Consulting Engineers were not alleged in the indictment and proved beyond a reasonable doubt. These contentions are without merit.

The district court did not violate Apprendi because the 15-month term of imprisonment imposed did not exceed the statutory maximum of 30 years. See Apprendi, 530 U.S. at 490; United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000); see also 18 U.S.C. § 1344(2).

By rendering the Sentencing Guidelines advisory only, Booker eliminated Sixth Amendment concerns that would otherwise have prohibited sentencing judges from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Following Booker, "The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Id.; United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006), cert. denied, 126 S. Ct. 2884 (2006). The facts relevant to sentencing include relevant conduct under U.S.S.G. § 1B1.3. United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). Consequently, the district court did not abuse its discretion in considering the third party losses as relevant conduct in determining Salazar's sentence. See Johnson, 445 F.3d at 798; see

also Gall, 128 S. Ct. at 597.  There was no error, plain or otherwise.  See Lewis, 412 F.3d at 615–16; Villegas, 404 F.3d at 358.

Salazar complains that the district court erred in failing to allow her sufficient time to make restitution, thereby making her ineligible for a probated or lesser sentence.  This argument finds no support in the record.  Under FED. R. CRIM. P. 32(b)(1), "The court must impose sentence without unnecessary delay."  Given the many continuances requested by Salazar (ostensibly for the purpose of facilitating payment of restitution) and Salazar's failure to make any restitution payments prior to the sentencing hearing, the district court did not abuse its discretion in failing to continue the sentencing hearing and in sentencing Salazar to a term of imprisonment.  See Gall, 128 S. Ct. at 597.  There was no error, plain or otherwise.  See Lewis, 412 F.3d at 615–16; Villegas, 404 F.3d at 358.

Salazar contends that trial counsel rendered ineffective assistance in failing to advise her to make early restitution.  We do not reach this issue because it was not raised in the district court and the record is undeveloped.  See United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001).

AFFIRMED.