# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

Lyle W. Cayce
Clerk

No. 08-40619
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TARSAY DEWAYNE FISHER,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:07-CR-164-4

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tarsay Fisher appeals his guilty plea conviction and sentence for conspir-

ing to possess 50 grams or more of a mixture and substance containing a detect-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

able amount of cocaine base with intent to distribute. Fisher first argues that his trial counsel rendered ineffective assistance in connection with his sentencing. The government invokes the appeal-waiver provision of Fisher's plea agreement and asserts that this claim is barred. In the alternative, the government asserts that the record is not sufficiently developed to permit consideration of the ineffective-assistance claim on direct appeal. In reply, Fisher argues that the plea agreement is void, so the waiver provision is inapplicable, because the district court did not follow a stipulation that his base offense level was 32 and instead imposed the career-offender enhancement.

"The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (internal quotation and citation omitted). Ordinarily a habeas corpus proceeding is the proper mechanism for resolving an ineffective-assistance claim. *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999). Because the record is not sufficiently developed, we will not consider the ineffective-assistance claim. *See Gulley*, 526 F.3d at 821. We express no opinion on the validity or enforceability of the waiver.

Fisher contends that the factual basis for his guilty plea is insufficient. He argues that the indictment, the plea agreement, and the factual basis provided by the government fail to provide specific, concrete facts showing that his conduct satisfied the elements of the conspiracy offense of which he was convicted. He maintains that his claim involves structural error and therefore is not susceptible to harmless-error analysis.

Generally, this court reviews for clear error the district court's acceptance of a guilty plea as a factual finding. *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005). Because, however, Fisher did not object to the sufficiency of the factual basis underlying his plea in district court, we review for plain error only.

*United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).

An examination of the record and the indictment shows that Fisher admitted that, from January 2000 to August 8, 2007, he agreed with others to possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, knowing the purpose of the agreement. Because Fisher admitted to facts that encompass the essential elements necessary to prove a drug conspiracy, he has not established reversible plain error. *See United States v. Morgan*, 117 F.3d 849, 853 (5th Cir. 1997). Moreover, even if we assume *arguendo* that there was error with respect to the factual basis for the plea, Fisher fails to establish reversible plain error, because he does not allege on appeal that he would not have pleaded guilty but for the error. *See United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009), *petition for cert. filed* (Aug. 11, 2009) (No. 09-5844).

Fisher argues that the judgment should be reformed to preclude the possibility of restitution. His argument, which is premised on a misreading of the judgment, lacks merit.

In a letter filed pursuant to Rule 28(j) of the Federal Rules of Civil Procedure, Fisher attempts to raise two claims that are not presented in his opening brief. We generally decline to address claims not raised in an appellant's initial brief. *United States v. Lewis*, 412 F.3d 614, 616 (5th Cir. 2005). Fisher has shown no reason for us to depart from our usual practice.

The judgment is AFFIRMED. The government's motion to dismiss the appeal is DENIED.