# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-50991

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN JOSE RONQUILLO
a/k/a/ Daniel Jose Ortiz

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY,[*] SMITH, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant-Appellant Juan Jose Ronquillo a/k/a Daniel Jose Ortiz ("Ronquillo") pleaded guilty to two crimes: (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); and (2) possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii). The District Court sentenced Ronquillo to the 60-month statutory minimum for each count to be served consecutively. Ronquillo appeals his consecutive sentences. Because the District Court did not commit plain error, we affirm.

I

---

[*] Judge Reavley concurs in the judgment only.

Ronquillo (using the alias Daniel Jose Ortiz) was captured while fleeing from a residence in which drug task force officers found approximately 840 pounds of marijuana. He pleaded guilty to conspiracy to possess and distribute 100 or more kilograms of marijuana and possession with intent to distribute 100 or more kilograms of marijuana. At sentencing, the District Court adopted the Presentence Report ("PSR"). Ronquillo did not object. The PSR grouped the two counts in accordance with U.S.S.G. § 3D1.2(b) (2004). Based on the PSR, the District Court properly calculated that the total offense level was 23, the criminal history was category II, and the range of imprisonment was 60 to 63 months per count. The PSR also described Ronquillo's extensive history of arrests, failures to appear, and use of aliases, including:

> In September 1994, Ronquillo (using the alias Oscar Ronquillo) was arrested and charged with possession of marijuana with intent to deliver. Ronquillo failed to appear, and a warrant issued.

> In October 1997, Ronquillo (using the alias Juan Alejandro Ronquillo) was arrested and charged with possession of marijuana.

> In June 1997, Ronquillo (using the alias Juan Alvarado Dominguez) was arrested and charged with driving while intoxicated. Ronquillo failed to appear, and a warrant issued.

> In December 1997, Ronquillo (using the alias Juan Jose Ronquillo Dominguez) was arrested and charged with assault. Ronquillo failed to appear, and a warrant issued.

> In January 1999, Ronquillo was arrested and charged with possession of cocaine with intent to deliver. Ronquillo failed to appear, and a warrant issued. Ronquillo pleaded guilty to the failure to appear charge and was sentenced to three years of probation. The possession of cocaine with intent to deliver charge was nolle prosecui.

> In September 1999, Ronquillo (using the alias Joey Anthony Gallegos) was arrested for possession of marijuana with intent to deliver, simultaneous possession of drugs and firearms, possession of drug paraphernalia, and being a felon in possession of a firearm. Ronquillo failed to appear, and a warrant issued.

Apart from the January 1999 possession of cocaine with intent to deliver charge and the related failure to appear charge, all of these charges and warrants were pending at the time of the sentencing in this case.[1]

In determining Ronquillo's sentence, the District Court stated that it had "reviewed the investigatory reports in this case, all of them" and considered "the information in the PSR" and "the factors listed in 18 U.S.C. § 3553(a)." The District Court also "note[d]" that, based on Ronquillo's failure to cooperate with the government by providing "names" and "information" based on his lengthy involvement "in the business of selling drugs," it doubted whether Ronquillo was repentant for his crimes. Finally, the District Court considered certain letters that were written on Ronquillo's behalf. In particular, the District Court found a "very telling statement" in a letter received from Ronquillo's parents, which was then read into the record:

> The more [Ronquillo] was able to escape and dodge the law, the easier it became to continue in it, that is in the law-breaking acts that he was involved with. Even though we advised him, he did not heed the advice and ended up as he is now.

The District Court observed that the parents' letter "sums up the past five years of [Ronquillo's] life": he "basically lived a life of crime for five years until [he] was caught in '04, plain and simple." Immediately after reading the parents' letter, the District Court sentenced Ronquillo to 60-month sentences for each count to be served consecutively. Ronquillo did not object.

## II

Where, as here, the defendant fails to object to his sentence during sentencing, we review the District Court's sentencing decision for plain error.[2] See United States v. Lewis, 412 F.3d 614, 615-16 (5th Cir. 2005) (holding that the plain error standard applies when a defendant fails to object to his sentence); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005) (holding that the plain error standard applies when a

---

[1] The District Court stated that it did not consider Ronquillo's extensive juvenile record in reaching a sentencing decision. Accordingly, we do not discuss the juvenile offenses contained in the PSR.

[2] The parties agree that the plain error standard applies.

defendant fails to object to a sentencing enhancement) (citations omitted); United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005) (holding that the plain error standard applies when a defendant first raises an issue as to the legality of his sentence on appeal) (citations omitted); see also Fed. R. Crim. P. 52(b). We apply the same plain error standard of review when a defendant, like Ronquillo, fails to object to the reasonableness of his sentence. See United States v. Peltier, No. 05-30440, 2007 WL 3076932, at *2 (5th Cir. Oct. 23, 2007). We find plain error only when "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Villegas, 404 F.3d at 358 (citations omitted). If all three conditions are met, we have "discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59 (emphasis added) (internal quotations omitted).

A

Ronquillo's first argument is that the District Court violated his Fifth Amendment right against self-incrimination as well as the United States Sentencing Guidelines ("Guidelines") by sentencing him to consecutive, rather than concurrent, sentences as punishment for failing to cooperate with the government. See Mitchell v. United States, 526 U.S. 314, 330 (1999); U.S.S.G. § 5K1.2 (2004) ("A defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor"). Specifically, Ronquillo argues that the District Court drew an unconstitutional adverse inference against him based on his failure to provide "names" and "information" to the government and that this adverse inference "played a major role" in the sentencing decision. We disagree.

In Mitchell, the Supreme Court held that a sentencing court may not draw an adverse inference from a defendant's silence "in determining the facts of the offense" because to do so "impose[s] an impermissible burden on the exercise of the constitutional right against compelled self-incrimination." 526 U.S. at 330. The defendant in Mitchell pleaded guilty to one count of conspiracy to distribute cocaine and three counts of distributing cocaine. Id. at 317. However, she reserved the right to contest the drug quantity attributable to her. Id. At sentencing, a co-conspirator

testified as to the amount of cocaine that the defendant sold. Id. at 318. The defendant neither put on evidence nor testified to rebut this testimony. Id. at 319. The sentencing judge credited the co-conspirator's testimony because the defendant did "not testify[] to the contrary." Id. Indeed, the judge specifically told the defendant:

> I held it against you that you didn't come forward today and tell me that you really only did this a couple of times. . . . I'm taking the position that you should come forward and explain your side of this issue.

Id. Thus, based on the defendant's silence, the sentencing judge drew the adverse inference that her co-conspirator's testimony about drug quantity was undisputed and sentenced the defendant accordingly. See id. The Supreme Court reversed and remanded holding that the adverse inference violated the defendant's Fifth Amendment right against compelled self-incrimination because the quantity of drugs was a fact of the offense: drug quantity determined the specific offense and the corresponding sentence. See id. at 330.

Mitchell is inapplicable to the sentencing decision in this case because "the facts of the offense" were based entirely on Ronquillo's admissions, not on any adverse inference drawn by the District Court. See id. at 330. Ronquillo, unlike the defendant in Mitchell, admitted all the predicate facts of his offenses, including the drug quantity alleged. Thus, the District Court did not need to draw any inference concerning a fact of Ronquillo's offense. Indeed, the District Court in this case did not draw any inference at all. It merely "note[d]" its doubt concerning whether Ronquillo was repentant for his crime based on Ronquillo's failure to cooperate with the authorities. This is a far cry from the judge in Mitchell who "held it against" the defendant when she did not put on evidence or testify to contest the drug quantity at issue)) a fact that bore directly and categorically on her sentence. See id. at 319. The District Court did not draw an adverse inference based on Ronquillo's failure to cooperate with authorities "in determining the facts of the offense." See id. at 330. Accordingly, there

is no Fifth Amendment violation, and, a fortiori, no plain error in this regard in the District Court's sentencing decision.[3]  See id.

### B

Ronquillo's second argument is that the District Court abused its discretion in sentencing him to consecutive rather than concurrent sentences.[4]  Specifically, Ronquillo argues that imposing consecutive sentences was contrary to the Guidelines. See 28 U.S.C. § 994(l)(2) ("The Commission shall insure that the guidelines . . . reflect . . . the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense . . . and for an offense that was the sole object of the conspiracy.") (emphasis added);  U.S.S.G. § 3D1.2 (2004) ("All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm . . . (b) when counts involve . . . two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.").  Ronquillo further argues that imposing consecutive sentences was unreasonable.  See United States v. Booker, 543 U.S. 220, 260-65 (2005).  The government agrees that by sentencing Ronquillo to consecutive terms, the District Court imposed a non-Guideline sentence.[5]  See 28 U.S.C. § 994(l)(2);

---

[3] We question whether this appeal implicates Ronquillo's Fifth Amendment rights. The District Court did not criticize Ronquillo's failure to testify but only his failure to cooperate with authorities by providing "names" and "information" in light of his lengthy involvement "in the business of selling drugs."  Nothing in the record indicates that the "names" or "information" would implicate Ronquillo further in the crimes charged or in other crimes.

[4] It is unclear why Ronquillo mentions an abuse of discretion standard.  He already has conceded that the plain error standard applies.  The government agrees that the plain error standard applies.  We likewise hold that the plain error standard  applies.  See United States v. Peltier, No. 05-30440, 2007 WL 3076932, at *2 (5th Cir. Oct. 23, 2007); see also Lewis, 412 F.3d at 615-16; Villegas, 404 F.3d at 358; Mares, 402 F.3d at 513.

[5] A non-Guideline sentence is one which "fall[s] outside a calculated guideline range." United States v. Reinhart, 442 F.3d 857, 862 (5th Cir. 2006).

U.S.S.G. § 3D1.2 (2004). Accordingly, we need not address Ronquillo's argument that his sentence fell outside the Guidelines.[6]

Before the Supreme Court's decision in Booker, the District Courts were bound to follow the Guidelines. See Mares, 402 F.3d at 517. Notwithstanding 28 U.S.C. § 994(l)(2) and U.S.S.G. § 3D1.2 (2004), the District Courts, under the pre-Booker mandatory Guidelines regime, could impose consecutive sentences for a conspiracy and its object crime in one limited situation:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

United States v. Kleinebreil, 966 F.2d 945, 952 (5th Cir. 1992) (quoting U.S.S.G. § 5G1.2(d)(2004)). Booker converted "the Guidelines from a mandatory regime to a discretionary regime." Mares, 402 F.3d at 518. Thus, the District Courts must consider the Guidelines as advisory and now have greater discretion to deviate from them. This greater discretion applies to the imposition of consecutive sentences, as well.

Post-Booker, the touchstone of our review of sentencing decisions is unreasonableness. See Mares, 402 F.3d at 518. In the context of a non-Guideline sentence, like here, our reasonableness review proceeds in two steps, see Reinhart, 442 F.3d at 862-64:

---

[6] We make no holding as to whether imposing consecutive sentences for a conspiracy and its object crime constitutes a non-Guideline sentence. We analyze the sentence in this case as a non-Guideline sentence because the parties agree that the non-Guideline analysis applies and because our conclusion is the same under any analysis: we would uphold the consecutive sentences whether analyzed as a Guideline Sentence or a non-Guideline Sentence. If the government had argued successfully that the sentence in this case was a Guideline Sentence, it would have been entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The government did not. Accordingly, the argument is waived. See Askanse v. Fatjo, 130 F.3d 657, 668 (5th Cir. 1997).

1

Applying the plain error standard, the first step of our review is to evaluate whether the District Court complied with the procedural requirements of imposing a non-Guideline sentence. See id. Before imposing a non-Guideline sentence, a District Court must "calculate the guideline range and consider it advisory." United States v. Angeles-Mendoza, 407 F.3d 742, 746 (5th Cir. 2005). Then, the District Court must articulate the reasons why the sentence it selected is appropriate for the defendant. Mares, 402 F.3d at 519 (footnotes omitted); see Reinhart, 442 F.3d at 861-62. These reasons must be "consistent with the sentencing factors enumerated in [18 U.S.C. §] 3553(a)." United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Thus, the Guidelines serve as a "frame of reference" for a non-Guideline sentence, and, "[t]he farther a sentence varies from the applicable Guideline sentence, 'the more compelling the justification based on factors in section 3553(a)' must be." Smith, 440 F.3d at 707. (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

We find that the District Court did not err in fulfilling the procedural requirements necessary to impose a non-Guideline sentence. There is no question that the District Court properly calculated the Guidelines range for each count. The only question is whether the District Court erred in imposing consecutive sentences. Before imposing consecutive sentence, the District Court stated that it had "reviewed" all of the "investigatory reports" and considered "the information in the PSR . . . and the factors in 18 U.S.C. § 3553(a)." The District Court also considered a "telling" letter from Ronquillo's parents, in which they described Ronquillo's ability to "escape and dodge the law." The PSR confirmed Ronquillo's ability to escape and dodge the law: on five separate occasions Ronquillo was arrested, provided law enforcement with an alias, and then failed to appear. Of the five failure to appear charges, one resulted in a conviction; the others were pending at the time of the sentencing in this case. Faced with this evidence of Ronquillo's ability to dodge the law, we agree that a non-Guideline sentence may have been necessary to "promote [his] respect for the law." 18 U.S.C. 3553(a)(2)(A). Accordingly, in light of its adoption of the PSR and its consideration of Ronquillo's parents' letter, we cannot say that the District Court

plainly erred in setting forth the reasons underlying its decision to impose consecutive sentences.[7] See Mares, 402 F.3d at 520.

2

Having determined that the District Court complied with the procedural requirements for imposing a non-Guideline sentence as set forth in Mares, the second step of our review is to determine whether the non-Guideline sentence was reasonable in light of the specific reasons provided by the District Court. See Reinhart, 442 F.3d at 863. We conduct our reasonableness review under the applicable standard of review, see Reinhart, 442 F.3d at 863, which in this case is the plain error standard, see Peltier, No. 05-30440, 2007 WL 3076932, at *2-3 (5th Cir. Oct. 23, 2007). Unlike a sentence imposed within a properly calculated Guidelines range, a non-Guideline sentence does not enjoy a presumption of reasonableness. See Mares, 402 F.3d 519. The reasonableness of a non-Guideline sentence is analyzed by reference to the factors set forth in 18 U.S.C. § 3553(a). Specifically, a non-Guideline sentence is unreasonable if it "(1) does not account for a [§ 3553(a)] factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents clear error of judgment in balancing the sentencing factors." Smith, 440 F.3d at 708 (citations omitted).

Although Ronquillo does not identify the reasonableness test for a non-Guideline sentence, he basically argues that his sentence was unreasonable because the District Court gave significant weight to improper factors. Specifically, Ronquillo argues that the District Court based its sentencing decision on the fact that other drug charges were pending against him and its observation that he had not cooperated with the government. The government contends that the District Court merely noted Ronquillo's failure to cooperate with the government as refuting the sincerity of his apology to the Court during sentencing, not as a basis for imposing consecutive

---

[7] We note that, in light of our precedents upholding non-Guideline sentences, the District Court could have been more specific in its reasons for imposing consecutive sentences. See e.g., United States v. Reinhart, 442 F.3d 857, 863 (5th Cir. 2006); United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). However, we do not find any lack of specificity in this case sufficient to require vacating and remanding under the plain error standard.

sentences. In addition, the government contends that the District Court was justified in imposing consecutive sentences "to promote respect for the law," § 3553(a)(2)(A), because Ronquillo consistently demonstrated his disrespect for the law by using aliases and failing to appear.

We agree with the government that the District Court was not unreasonable in imposing consecutive sentences "to promote respect for the law," § 3553(a)(2)(A), considering Ronquillo's track record of "thumbing his nose" at our system of justice by continually using aliases and failing to appear. Indeed, the one conviction on the books for Ronquillo is for a failure to appear. Moreover, we find no statements in the sentencing record indicating that the District Court improperly considered Ronquillo's arrest record or his failure to cooperate with the government as a basis for imposing consecutive sentences.[8] Nor has Ronquillo pointed to any § 3553(a) factors, which the District Court should have, but did not consider. With no factors on the other side of the calculus, we cannot say that the District Court made a clear error of judgment in balancing the factors. See Smith, 440 F.3d at 708 (citations omitted). Accordingly, we cannot find that Ronquillo's sentence is unreasonable or that the District Court plainly erred in imposing it.

III

In light of the foregoing, we AFFIRM the decision of the District Court to impose consecutive sentences.

---

[8] To the extent that the District Court considered Ronquillo's failures to appear as a reason for imposing consecutive sentences, we note that avoiding an adjudication of guilt by failing to appear is quite different from never obtaining an adjudication of guilt because the charges were dismissed for reasons of merit or prosecutorial discretion. See Cantu-Dominguez, 898 F.2d 968, 970 (5th Cir. 1990) (holding that "previous arrests that did not result in convictions . . . could not be considered in a criminal history calculation") (citations omitted); see Williams v. United States, 503 U.S. 193, 199-201 (1992). Accordingly, the rationale for not considering unadjudicated charges in reaching a sentencing decision does not apply with the same force when a defendant, like Ronquillo, has prevented any opportunity for an adjudication of guilt by failing to appear. See id.