IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-31183

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WALTER AGUILAR-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

USDC No. 2:07-CR-276-1

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Walter Aguilar-Rodriguez ("Aguilar-Rodriguez") appeals his sentence for illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326(a) (2000). He contends that (1) 18 months' imprisonment, a 12-month upward variance from the range provided by the United States Sentencing Commission Sentencing Guidelines ("Guidelines"), was unreasonable, and (2) the district court erred by not providing advance notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it intended to sentence him above the top of the Guidelines range. The second argument, as both Aguilar-Rodriguez and the Plaintiff-Appellee United States of America ("the government") recognize, was foreclosed by this court's precedent at the time of briefing[1] and is now foreclosed by the Supreme Court as well.[2] We therefore limit our consideration to Aguilar-Rodriguez's first contention. Concluding that the district court committed procedural error by failing to explain adequately the reasons for the variance of sentence above the Guidelines range, we vacate the sentence, of which Aguilar-Rodriguez has already served approximately 12 months in custody,[3] and remand with instructions to the district court (with special cooperation from the government and the defense) to expedite resentencing, with our respectful but heartfelt request that the court consider a sentence of time served (plus any appropriate supervised release).

## I. FACTS AND PROCEEDINGS

---

[1] See United States v. Mejia-Huerta, 480 F.3d 713, 720-23 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008).

[2] See Irizarry v. United States, 128 S. Ct. 2198, 2202-04 (2008). The Court decided that such notice is not necessary when the district court produces a sentence at "variance" with, but that is not a "departure" from, the Guidelines. Id. "'Departure,'" the Court held, "is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Id. at 2202. A "variance" is a sentence imposed at variance "from the advisory Guidelines," but not a "'departure' within the Guidelines." Id. at 2204 (Breyer, J., dissenting). As the sentence in this case was imposed not as a departure based on the factors within the Guidelines, but in variance from the Guidelines, notice was unnecessary.

[3] Under 18 U.S.C. § 3585(b)(1), which provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," if the time in detention is "a result of the offense for which the sentence was imposed," we have calculated Aguilar-Rodriguez's time in custody from June 23, 2007. The date selected, however, as the beginning of his time in official detention, whether June 23, 2007 (the date the defendant was taken into state custody), June 27, 2007 (the date of transfer to federal custody), December 19, 2007 (the date of sentencing), or January 17, 2008 (the date the defendant was delivered to begin serving his sentence), does not bear on our determination in this case as we do not conduct a substantive unreasonableness inquiry.

Aguilar-Rodriguez, a citizen of Honduras, was indicted by the government on July 27, 2007, for illegal reentry after removal in violation of 8 U.S.C. § 1326(a). According to the record on appeal, Aguilar-Rodriguez had been deported one time previously, from El Paso, Texas, in 2005, but otherwise has no criminal history of any kind. He pleaded guilty to the federal indictment on September 27, 2007, and was sentenced on December 19, 2007. A Presentence Investigation Report ("PSR") calculated a Guidelines sentence range of 0 to 6 months. Neither party objected to the PSR.

At sentencing, the district judge recited the sentencing factors of 18 U.S.C. § 3553(a) that he found relevant, highlighting § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant"; § 3553(a)(2)(A), "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; §3553(a)(2)(B), "to afford adequate deterrence to criminal conduct"; and § 3553(a)(2)(C), "to protect the public from further crimes of the defendant." The judge noted that "the instant offense represents at least this defendant's second illegal entry into this country. And when I say at least, I mean that I don't know how many other times he has entered this country illegally." After expressing the hope that the sentence to be imposed "will make the defendant think twice before illegally entering this country a third time and perhaps prevent others from illegally entering the country the first time," the district court sentenced Aguilar-Rodriguez to imprisonment for 18 months plus two years' supervised release after completion of his imprisonment.

Counsel for Aguilar-Rodriguez vehemently objected to both the upward variance as unreasonable and the two-year term of supervised release. The district court later revised the term of supervised release from two years to one to conform with the maximum period of supervised release specified in 18 U.S.C. § 3583(b)(3). This timely appeal by Aguilar-Rodriguez followed.

## II. ANALYSIS

### A. Standard of Review

We review a district court's sentencing decision for reasonableness.[4] This reasonableness inquiry is the "familiar abuse-of-discretion standard of review."[5] We shall not indulge in a presumption that a sentence is unreasonable simply because it falls outside the range of the Guidelines.[6] Neither shall we disturb a sentence simply because we "might reasonably . . . conclude[] that a different sentence [is] appropriate."[7] Our examination is limited to the "specific reasons provided by the District Court" for its sentence.[8]

### B. Merits

The Supreme Court has structured our sentencing review as a two-step process. We are first to review the sentencing process for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."[9] A district court is required to provide adequate justifications so that our review can be meaningful and sentencing is perceived as fair.[10] An "unusually lenient or an unusually harsh sentence"

---

[4] Gall v. United States, 128 S. Ct. 586, 594 (2007).

[5] Id.

[6] Id. at 597.

[7] Id.

[8] United States v. Ronquillo, 508 F.3d 744, 752 (5th Cir. 2007), cert. denied, 128 S. Ct. 2458 (2008).

[9] Gall, 128 S. Ct. at 597.

[10] Id.

requires the district court to explain why its decision "is appropriate in a particular case with sufficient justifications."[11]

Only if we are satisfied with the district court's procedural compliance are we to consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[12] A district court does not need to find "extraordinary" or "exceptional" circumstances to justify a non-Guidelines sentence, and we shall not develop, as a standard, a "rigid mathematical formula" based on the percentage variance from the Guidelines.[13] We do, however, require "a district judge [to] give serious consideration to the extent of any departure from the Guidelines,"[14] and we do consider the extent of a variance when evaluating the sentence under the totality of the circumstances.[15] A non-Guidelines sentence requires the sentencing judge to "ensure that the justification is sufficiently compelling to support the degree of the variance."[16] "[A] major departure should be supported by a more significant justification than a minor one."[17]

Aguilar-Rodriguez first contends that the district court committed procedural error in failing adequately to explain its variance from the Guidelines. We agree. Other than simply reciting the factors from § 3553(a), the district judge failed to furnish "sufficient justifications" for imposing this "unusually harsh" sentence. The district judge did express some general hope

---

[11] Id. at 594.

[12] Id. at 597.

[13] Id. at 595-96.

[14] Id. at 594.

[15] Id. at 597.

[16] Id.

[17] Id.

that the defendant would not illegally reenter the United States again and that others would be deterred from entering illegally in the first place; but he failed to tie that hope to the particulars of this case and the § 3553(a) factors in a meaningful fashion. We conclude, therefore, that on the facts of this case, the barest application (merely invoking the defendant's name) of a single § 3553(a) factor to the defendant does not qualify as "adequately explain[ing] the chosen sentence" under Gall.[18] Other possible explanations for this sentence do not appear in the record such that we would have to engage in what would be, at best, speculation to find them. In this respect, this case is different from United States v. Bonilla,[19] in which supporting factors could be discerned from the record.[20]

As we conclude that the district court committed procedural error in imposing sentence, it is unnecessary for us, at this juncture, to review the substantive reasonableness of the sentence imposed.[21]

## III. CONCLUSION

For the foregoing reasons, we VACATE Aguilar-Rodriguez's 18-month sentence and REMAND the case with instructions that the district court expedite resentencing. Although we normally do not tread on a district court's

---

[18] Id.

[19] United States v. Bonilla, 524 F.3d 647, 657-58 (5th Cir. 2008).

[20] We are not unmindful of the fact that the district court's characterization of the offense as "at least this defendant's second illegal entry" and the court's unsubstantiated speculation about the defendant's other activities were also irregular; and we find that the record does not support the implication that tripling this one-time repeat offender's immigration violation sentence could even make it to the radar of the tens of thousands of people who might seek to come to this country unlawfully.

[21] The Court said in Gall: "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed . . . ." 128 S. Ct. at 597. The inverse of this statement is that a substantive reasonableness inquiry is not required when a sentence is procedurally unsound.

broad discretion to set a particular sentence, here, in the interest of justice, we strongly recommend that the court consider a sentence of time served (plus appropriate supervised release, if any). The time served is already more than double the top of the applicable Guidelines range. Such a sentence would obviate the need subsequently to delve into the substantive reasonableness inquiry of Gall that is, at this juncture, premature. Given the time Aguilar-Rodriguez has already spent incarcerated, we are confident that both the district court and the Bureau of Prisons will comply with both the letter and the spirit of this judgment to ensure that the defendant receives its optimum benefit.

The mandate shall issue forthwith.[22]

---

[22] FED. R. APP. P. 41(b), (c).