# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30577
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHAWN LEE,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-297-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shawn Lee appeals his non-Guideline sentence following his guilty plea conviction for being a felon in possession of a firearm (Count 1), possession of cocaine and marijuana subsequent to a prior drug conviction (Count 2), and possession with the intent to distribute less than 100 grams of heroin (Count 3). The district court imposed consecutive sentences of 33 months on Count 1, 24 months on Count 2, and 33 months on Count 3. Lee avers that the district court abused its discretion by imposing a sentence that was more than three times the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upper end of the Guidelines range of 27 to 33 months of imprisonment. He argues that his sentence is unreasonable because the district court's upward variance was based on his arrest history and on reasons that were already accounted for under the Guidelines.

As Lee has not argued that procedural error exists, this court considers the substantive reasonableness of the sentence under the abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 597 (2007). The district court properly used the unchallenged Guidelines range as the starting point and initial benchmark. The district court then properly considered the sentencing factors of 18 U.S.C. § 3553(a), explaining why the Guidelines range was insufficient. See id. The record does not reveal the consideration by the district court of Lee's arrest history as the basis for the variance. The district court made it very clear that Lee's arrests were not considered when fashioning his sentence, twice reiterating that fact on the record. Further, the district court was not precluded from imposing a departure or variance based on factors that the Guidelines had already taken it into account. See United States v. Brantley, 537 F. 3d 347, 350 (5th Cir. 2008) (holding that a court could base a non-Guideline sentence on factors already taken into account by the Guidelines); United States v. Williams, 517 F.3d 801, 810-11 (5th Cir. 2008).

Moreover, the extent of the variance is consistent with other sentences that this court has affirmed, and the district court had the discretion to impose consecutive sentences. See Brantley, 537 F.3d at 348-50; United States v. Jones, 444 F.3d 430, 433-34, 441-42 (5th Cir. 2006); United States v. Saldana, 427 F.3d 298, 312 (5th Cir. 2005); United States v. Ronquillo, 508 F.3d 744, 750-52 (5th Cir. 2007), cert. denied, 128 S. Ct. 2458 (2008).

The judgment of the district court is AFFIRMED.