**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Yvette Peschard TORRES,
Defendant–Appellant.**

**No. 09–50205
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 2009.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office San Antonio, TX, for Plaintiff–Appellee.

John David Gates, Law Offices of John D. Gates, El Paso, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM: *

Yvette Peschard Torres appeals her below-guidelines sentence of 51 months following her conviction for importing 50 kilograms or more of marijuana; possessing with intent to distribute 50 kilograms or more of marijuana; and use of a minor in

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug operations. She argues that the district court erred in (1) applying the obstruction-of-justice adjustment, (2) denying the acceptance-of-responsibility adjustment, and (3) denying a minor-role adjustment.

 The district court did not plainly err in enhancing Torres's sentence for obstruction of justice because she impeded the administration of justice by failing to comply with the conditions of her release and failing to appear at a judicial hearing. *See* U.S.S.G. § 3C1.1, comment. (n.4(e)); *United States v. Ronquillo,* 508 F.3d 744, 748 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 2458, 171 L.Ed.2d 253 (2008). In addition, the district court's ruling denying a downward adjustment for acceptance of responsibility was not without foundation because Torres failed to comply with the conditions of her release and failed to appear at a judicial hearing. *See United States v. Juarez–Duarte,* 513 F.3d 204, 211 (5th Cir.), *cert. denied,* —— U.S. ——, 128 S.Ct. 2452, 171 L.Ed.2d 248 (2008); *United States v. Washington,* 340 F.3d 222, 227 (5th Cir.2003). Finally, the district court did not clearly err in denying the minor-role adjustment because courier status does not automatically entitle Torres to minor participant status. *See United States v. Edwards,* 65 F.3d 430, 434 (5th Cir.1995); *United States v. Villanueva,* 408 F.3d 193, 203 & n. 9 (5th Cir.2005). Thus, the judgment of the district court is AFFIRMED.