# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-50205
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YVETTE PESCHARD TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1754-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Yvette Peschard Torres appeals her below-guidelines sentence of 51 months following her conviction for importing 50 kilograms or more of marijuana; possessing with intent to distribute 50 kilograms or more of marijuana; and use of a minor in drug operations. She argues that the district court erred in (1) applying the obstruction-of-justice adjustment, (2) denying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acceptance-of-responsibility adjustment, and (3) denying a minor-role adjustment.

The district court did not plainly err in enhancing Torres's sentence for obstruction of justice because she impeded the administration of justice by failing to comply with the conditions of her release and failing to appear at a judicial hearing. *See* U.S.S.G. § 3C1.1, comment. (n.4(e)); *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2458 (2008). In addition, the district court's ruling denying a downward adjustment for acceptance of responsibility was not without foundation because Torres failed to comply with the conditions of her release and failed to appear at a judicial hearing. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir.), *cert. denied*, 128 S. Ct. 2452 (2008); *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003). Finally, the district court did not clearly err in denying the minor-role adjustment because courier status does not automatically entitle Torres to minor participant status. *See United States v. Edwards*, 65 F.3d 430, 434 (5th Cir. 1995); *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Thus, the judgment of the district court is AFFIRMED.