# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2011

Lyle W. Cayce
Clerk

No. 10-50676
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO GARCIA-VARGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-45-1

Before DeMOSS, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricardo Garcia-Vargas appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326(a). He was sentenced to 37 months of imprisonment and three years of supervised release. Garcia-Vargas has failed to carry his burden of showing any reversible plain error based on the three issues he raises in this appeal. *See United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 2078 (2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia-Vargas contends that his plea was not knowing and voluntarily. Because Garcia-Vargas did not raise any Rule 11 objection in the district court, this court reviews for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). The court, however, need not decide whether there was any Rule 11 error because Garcia-Vargas does not allege that, but for the error, he would not have entered his guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Garcia-Vargas has failed to show that the district court's error, if any, in finding his guilty plea was knowing and voluntary affected his substantial rights.

Garcia-Vargas also contends that the district court violated his Fifth Amendment privilege against self-incrimination. Because Garcia-Vargas did not raise an objection on this basis in the district court, we review his claim for plain error. *See United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007). Garcia-Vargas asserts that the district court violated the privilege by questioning him about an applicable defense, the underlying facts, and asking him to provide proof of his version of the facts. Garcia-Vargas cites to no authority indicating that the district court's actions violated the privilege. As such, Garcia-Vargas failed to show that the district court's error, if any, in violating his Fifth Amendment privilege against self-incrimination was clear or obvious. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Finally, Garcia-Vargas argues that by answering questions that were directed to him by the district court and deferred to him by defense counsel he was impermissibly permitted to act as co-counsel or proceed pro se. Because Garcia-Vargas did not object on this basis in the district court, this claim of error is subject to plain error review. *See United States v. Virgil*, 444 F.3d 447, 456 (5th Cir. 2006); *United States v. Phipps*, 319 F.3d 177, 189 n.14 (5th Cir. 2003). Garcia-Vargas's argument presupposes that he was effectively transformed into co-counsel or deprived of counsel and thus permitted to proceed pro se by

answering the district court's questions, which would require a hearing pursuant to *Faretta v. California*, 422 U.S. 806, 821, 835 (1975), and *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008).  He has not offered any argument, explanation, or authority in support of such a contention.  Therefore, he has failed to carry his burden of demonstrating there was any error.  *See Sandlin*, 589 F.3d at 757.

The judgment of the district court is AFFIRMED.