# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2011

No. 10-50865
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHANIEL ADONIZ DIAZ-ARIAS, also known as Fernando Hernandez-Gonzalez, also known as Nathaniel Diaz-Arias, also known as Adoniz Diaz-Arias,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-456-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nathaniel Adoniz Diaz-Arias (Diaz) was convicted of illegal reentry after removal. Diaz appeals his within-guidelines sentence. He argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a). The district court considered Diaz's request for leniency, but it ultimately determined that a 57-month sentence was appropriate. Diaz's mere disagreement with the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

Diaz also argues that his sentence is procedurally unreasonable because the district court plainly erred by failing to adequately explain his sentence. Because Diaz did not raise this argument in the district court, we review the issue for plain error only. *See United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007). To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Diaz cannot show that any error of the district court in failing to adequately explain his sentence affected his substantial rights because nothing in the record indicates that a more extensive explanation would have changed his 57-month sentence. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 365 (5th Cir. 2009).

In addition, Diaz contends that the district court plainly erred by failing to ascertain whether he reviewed the presentence report (PSR) with counsel. Diaz cannot show that the district court's failure to ascertain whether he reviewed the PSR with counsel affected his substantial rights because he did not object to anything contained in the PSR and because the district court provided him the opportunity to address any sentencing issues at the sentencing hearing. *See United States v. Esparza-Gonzales,* 268 F.3d 272, 274 (5th Cir. 2001). Thus, the judgment of the district court is AFFIRMED.