# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20797
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON ALBERTO RIASCOS TOVAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-364-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Milton Alberto Riascos Tovar (Riascos Tovar) appeals the 54-month, above-guidelines sentence imposed following his guilty plea to illegal reentry by a previously deported alien after a felony conviction. He argues that the sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20797

Riascos Tovar first asserts that the district court gave significant weight to an improper factor and violated his Fifth Amendment right against self-incrimination when it sentenced him above the guidelines range based on his refusal to disclose certain information to the probation officer during the presentence interview. Specifically, he argues that the district court drew an adverse inference at sentencing based on his failure to disclose when and where he last entered the United States, whether he had a history of substance abuse, and his dates of employment. Because Riascos Tovar did not object on this basis in the district court, we review this argument for plain error. *See United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007).

In *Mitchell v. United States*, 526 U.S. 314, 330 (1999), on which Riascos Tovar relies, the Supreme Court held that a sentencing court may not draw an adverse inference from a defendant's silence "in determining the facts of the offense" because to do so "impose[s] an impermissible burden on the exercise of the constitutional right against compelled self-incrimination." But *Mitchell* is inapplicable here because Riascos Tovar admitted the facts of his illegal reentry offense, and none of the predicate facts were disputed at sentencing. *See Ronquillo,* 508 F.3d at 749. Thus, the district court did not draw an adverse inference in determining the facts of Riascos Tovar's offense. *See id.* Further, the district court explained that the failure to disclose the information was relevant to Riascos Tovar's history and characteristics, namely, his deceitful nature, a proper factor under § 3553(a)(1). Accordingly, Riascos Tovar cannot establish error, plain or otherwise. *See id.* at 749, 752-53.

Next, Riascos Tovar asserts that the above-guidelines sentence represents a clear error of judgment in balancing the sentencing factors because the district court gave undue weight to his criminal history and insufficient weight to the guidelines range. Because Riascos Tovar preserved

No. 18-20797

this issue through his objection at sentencing, we review for abuse of discretion under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the district court properly considered the § 3553(a) factors. Specifically, the district court noted that Riascos Tovar had a history of deceit based on his repeated use of aliases and false birth dates; that his prior convictions for burglary, theft, and drug trafficking involved significant sums of money and expensive items; and that his criminal history was understated because he was not prosecuted for a 2007 illegal reentry. The district court emphasized that Riascos Tovar reentered illegally shortly after a prior deportation and that he had engaged in illegal activity in this country for almost two decades. Based on all this, the court opined that an above-guidelines sentence was warranted. Under the totality of the circumstances, the 54-month sentence was reasonable. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Further, we have upheld similar upward variances. *See id.* at 348-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

AFFIRMED.