# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 20-40033
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO GILBERTO MAYO-GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1505-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Francisco Gilberto Mayo-Garcia appeals the within-Guidelines sentence imposed pursuant to his conviction for illegal reentry. He contends that the district court erroneously imposed of a term of supervised release and that the sentence was substantively unreasonable,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40033

insofar as it failed to account for his cultural assimilation. Because no objections were lodged on these bases in the district court and no claim was made for a shorter sentence, our review is for plain error only. *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2000); *cf. Holguin-Hernandez v. United States,* 140 S. Ct. 762, 766-67 (2020) (holding that a defendant preserved review of an appellate claim of an unreasonable sentence by asserting a claim for a shorter sentence in the district court). To establish plain error, Mayo-Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

"The [district] court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c) (2018); *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012). Nevertheless, the imposition of a supervised-release term should be considered when to do so would provide an added measure of deterrence and protection. § 5D1.1, comment. (n.5)). The district court imposed a term of supervised release here because Mayo-Garcia, who has been deported to Mexico five times, had returned to the United States so soon after his most recent deportation. Under these circumstances, supervised release provides an added measure of deterrence and protection, and it cannot be said that the district court plainly erred in this regard. *See Dominguez-Alvarado*, 695 F.3d at 330.

Challenging the substantive reasonableness of the sentence, Mayo-Garcia contends that the district court failed to consider his cultural assimilation as a mitigating factor. Discretionary sentences are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors, and those imposed

No. 20-40033

within a properly calculated guidelines range are entitled to a rebuttable presumption of reasonableness. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Cultural assimilation may be considered as a mitigating factor at sentencing, but the district court is not required to accord it determinative weight. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Here, the district court recognized that Mayo-Garcia had been raised in the United States but nevertheless found that he repeatedly returned illegally, not because he could not make a life for himself in Mexico but because he flouted the law. In imposing sentence, the court considered the § 3553(a) factors, paying particular attention to the need to provide for the safety of the community, to deter future criminal conduct, and to promote respect for the law. *See* § 3553(a)(2)(A), (B), (C). Mayo-Garcia has not rebutted the presumption of reasonableness afforded to his within-Guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The instant appeal is therefore AFFIRMED IN PART.

Finally, Mayo-Garcia challenges the district court's revocation of the term of supervised release imposed pursuant to his 2014 conviction of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. However, he filed no notice of appeal from the revocation judgment. "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district court within the time allowed by Rule 4." FED. R. APP. P. 3(a)(1). A notice of appeal is a mandatory precondition to the exercise of this court's appellate jurisdiction. *See id.* In the absence of a notice of appeal, we lack jurisdiction to review the revocation of supervised release and the revocation sentence. The appeal of those issues is therefore DISMISSED IN PART.