# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2024

Lyle W. Cayce
Clerk

————————

No. 23-40090

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALBERTO ROEL PALOMARES-GUERRERO,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1375-1

———————————————————————————

Before SOUTHWICK, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Alberto Roel Palomares-Guerrero was convicted of being found in the United States after a deportation in violation of 8 U.S.C. §§ 1326(a) and (b). The district court sentenced him to thirty-five months' imprisonment. Palomares-Guerrero now appeals. For the reasons set below, we AFFIRM.

Because Palomares-Guerrero failed to object to his sentence, we review for plain error. *See United States v. Ronquillo*, 508 F.3d 744, 748 (5th

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Cir. 2007). To establish plain error, Palomares-Guerrero must show that "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected [his] substantial rights." *Id.* (quotation omitted). If he does so, we have discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Palomares-Guerrero raises two errors on appeal.

First, relying on *United States v. Carlile*, 884 F.3d 554, 558 (5th Cir. 2018), Palomares-Guerrero argues the district court plainly erred by assessing three criminal history points for his state sexual assault conviction. He contends he did not serve any period of the eight-year prison term imposed for the sexual assault offense because he was already serving a federal sentence at the time of the state conviction and was later deported. However, the state court judgment for the sexual assault offense shows that he served thirty-seven days in jail and received credit for those days on his eight-year sentence. Thus, unlike in *Carlile*, Palomares-Guerrero actually served at least a portion of his state sentence. *Cf.* 884 F.3d at 558. Accordingly, the district court did not err in assessing three criminal history points. *See* U.S. SENT'G GUIDELINES MANUAL § 4A1.2(b)(1) cmt. n.2 ("To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence.").

Second, Palomares-Guerrero argues that the district court plainly erred under 18 U.S.C. § 3553(c) and Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to address his request to run his federal sentence concurrently with anticipated sentences in pending state cases and by failing to explain why it declined to grant his request. But Palomares-Guerrero fails to show the district court committed a clear and obvious error. As to the alleged § 3553(c) violation, the district court did not err because it "considered the parties' arguments and ha[d] a reasoned basis for exercising

[its] own legal decisionmaking authority." *See Rita v. United States*, 551 U.S. 338, 356 (2007).   The record shows the court discussed Palomares-Guerrero's criminal history and the nature of the offense at issue, and explicitly rejected Palomares-Guerrero's argument that he had no choice but to enter the United States.   The court's reasoning provided an adequate explanation of Palomares-Guerrero's within-Guidelines sentence.   *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required.").

As to the alleged Rule 32(i)(3)(B) violation, we have not previously addressed whether the Rule requires a district court to explicitly rule on a request that the court exercise its discretion to order a concurrent sentence. Given the absence of controlling authority and contrary jurisprudence from other circuits, *see, e.g.*, *United States v. Petri*, 731 F.3d 833, 840–41 (9th Cir. 2013), any error by the district court was not clear or obvious, *see United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).[1]

For these reasons, we AFFIRM the judgment of the district court.

---

[1] Even if Palomares-Guerrero could establish a clear and obvious error, he has not shown that such error affected his substantial rights.  Indeed, he has not shown how an explanation from the district court would have changed his sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).